## CIRTIN *v.* CIRTIN.

[No. 13,308.   Filed May 18, 1928.]

*E. L. Swadener* and *Stimson, Stimson & Davis,* for appellant.

*Thomas T. O'Mara* and *B. F. Small,* for appellee.

NICHOLS, J.—The action to which this proceeding is ancillary, was brought by appellant against appellee for divorce. A divorce with alimony was granted to appellee on her cross-complaint. Appellant appealed, and the judgment of the lower court has been affirmed by this court, *Cirtin* v. *Cirtin* (1927), 86 Ind. App. 751, 159 N. E. 927. After the appeal was taken, on petition of appellee, the court ordered appellant to pay $400 for the use of appellee and her attorneys in defending the case on appeal. This appeal, which was to the Supreme Court, as from an interlocutory order, is from the order to pay the $400. The Supreme Court has held that the order was not interlocutory and, for want of jurisdiction, has transferred the appeal to this court.

The question first presented for our consideration is as to whether the trial court, after rendering a decree of divorce and judgment for alimony in favor of appellee from which an appeal had been taken to the appellate court, had jurisdiction to make an allowance in favor of appellee to enable her to employ counsel and for the purpose of defending against such appeal.

As it seems to us, the weight of authority sustains the right of the trial court to make such allowances pending such appeal, and for the purpose of enabling the wife properly to present her defense thereto.

Appellant, contending that the court did not have jurisdiction, relies upon *Westfall* v. *Wait* (1903), 161 Ind. 449, 68 N. E. 1009, and *Parilow* v. *State* (1922), 191 Ind. 657, 184 N. E. 483. In the Westfall case, the court says that: "It seems to be thoroughly settled by the decisions of the American courts that an appeal from a final judgment rendered generally *upon the issues* in a cause, when properly perfected, carries the whole case *embraced within the final adjudication* absolutely from the jurisdiction of the trial court to the appellate tribunal." (Our italics.) The

court then quotes the rule as stated in 2 Ency. Pl. & Pr. p. 327 as follows: "Where an appeal has been perfected, the jurisdiction of the appellate court over the subject-matter and parties attaches, and the trial court has no power to render any further decision affecting the rights of the parties in the cause until it is remanded." The Westfall case is cited and quoted with approval in the Partlow case. As it seems to us, the quotation from 2 Ency. Pl. & Pr., *supra*, must have been made for the purpose of confirming what the court had said as to the well-settled rule quoted above, which is, as we understand it, that an appeal from a final judgment rendered *upon the issues* in a cause carries the whole case embraced within the *final adjudication* to the appellate tribunal. In this case, by a final adjudication upon the issues, a decree of divorce and judgment for alimony was rendered in favor of appellee, and when the appeal was perfected, jurisdiction as to the questions of divorce and alimony were absolutely removed from the jurisdiction of the trial court. But the matter here involved is independent of any question raised by the appeal and was not within the issues and was in no sense adjudicated. In fact, it could not have been adjudicated, for, at that time, there was no appeal and hence no necessity for an allowance to defend against an appeal. The appeal itself has created the necessity for the allowance to defend against the same. As stated in *Maxwell* v. *Maxwell* (1910), 67 W. Va. 118, 67 S. E. 379, 27 L. R. A. (N. S.) 712, the appeal does not deprive the circuit court of jurisdiction to make orders in the cause on matters that are distinct from the questions that are involved in the appeal, and especially those which are in aid of the appeal. Elliott, Appellate Procedure §545 states the rule that should control here thus, "Matters independent of and distinct from the questions involved in the appeal are not taken from the

jurisdiction of the trial court. Such matters as the appeal does not cover are purely collateral or supplemental, lying outside of the issues framed in the case, or arising subsequent to the delivery of the judgment from which the appeal is prosecuted. The general rule that a case leaves the jurisdiction of the trial court when an appeal is perfected is not impinged by holding that purely collateral or supplemental matters are left under the control of the trial court, notwithstanding the loss of jurisdiction over the case taken to the higher court."

In 1 Ency. Pl. & Pr. p. 449, the learned author states the rule to be that, "Temporary alimony and counsel fees may be granted by the appellate court pending an appeal, but the usual practice is that this shall be done by the trial court, which is deemed still to have sufficient jurisdiction for this purpose as long as the action is pending, i. e., while the appeal is undetermined."

We are not called upon in this case to determine whether such an allowance might be made by this court, for the question is not before us, but see *Eward* v. *Eward* (1919), 72 Ind. App. 638, 125 N. E. 468.

Authorities from other states with statutes as to orders relative to expense money for the use of the wife in making preparation of her case, similar in effect to the Indiana statute, are *McBride* v. *McBride* (1890), 119 N. Y. 519, 23 N. E. 1065; *Lewis* v. *Lewis* (1915), 83 Wash. 671, 145 Pac. 980; *Roby* v. *Roby* (1903), 9 Idaho 371, 74 Pac. 957; *Ex parte Lohmuller* (1910), 103 Texas 474, 129 S. W. 834, 29 L. R. A. (N. S.) 303; *State, ex rel.,* v. *Calhoun* (1921), 232 S. W. (Mo.) 1038.

In the McBride case cited above, the court said: "In this case, although a judgment, final for the purposes of an appeal, is entered, the action is still pending. The jurisdiction over the parties remains through the further steps regularly taken and the action is in no sense or respect ended. By the terms of Sec. 1769, of

the Code, the allowance may be made 'from time to time, during the pendency' of the action, and is described as 'necessary to enable the wife to carry on or defend the action.' That is one of the purposes to be subserved, and the need is quite as pressing and obvious after the judgment and pending the appeal as before. It could not have been contemplated that before the judgment the wife should be aided in maintaining her rights, but after judgment in her favor, should be left to starve during the pendency of her appeal, and should be disarmed by her very success from defending the judgment in her favor."

It seems that it is well settled from these authorities, and numerous others that might be cited, that the court had jurisdiction for the purpose of making such allowance as it deemed necessary and proper to enable appellee to defend against the appeal from the judgment rendered in her favor. We so hold.

After judgment had been rendered in favor of appellee granting her a divorce and $1,500 alimony, the cause was appealed to this court as stated above.

After appellee's application for suit money, appellant filed his application for a change from the judge who had theretofore tried the issues involved and rendered judgment thereon in favor of appellee. But the cause had then been transferred on appeal to the appellate court and there was then nothing pending before the trial court except the ancillary proceeding for suit money. The court did not err in overruling appellant's application for change of judge. The only error presented by appellant's motion for a new trial was the court's ruling on appellant's motion for a change of judge, and conceding, without deciding, that a motion for a new trial is proper in a proceeding such as here, and that the court erred in sustaining appellee's motion to strike out the motion for a new trial, which

is the equivalent of overruling such motion for a new trial, *Long* v. *Ruch* (1897), 148 Ind. 74, 77, 47 N. E. 156, still appellant was not harmed thereby.

Affirmed.