STATE EX REL. SMITH *v.* LAKE SUPERIOR COURT, NO. 4, ET AL.

[No. 29,031. Filed May 21, 1953.]

*Anderson, Hicks & Anderson,* of Gary, for relator.

*Milo C. Murray, of Gary,* for respondents.

FLANAGAN, J.—This is an original action seeking to prohibit the trial court from allowing attorney fees to a successful wife in an appeal in a divorce case by her unsuccessful husband. The rule is established in this state that such an order is proper. *Cirtin* v. *Cirtin* (1928), 199 Ind. 737, 164 N. E. 493; *Cirtin* v. *Cirtin* (1928), 87 Ind. App. 457, 161 N. E. 709. The petition should therefore be denied as to the principal point presented.

There is, however, a second question raised. The cause was tried before Hon. Edgar J. Call, as Special Judge of the Lake Superior Court, Room No. 4, and, upon proper application, an order for allowance of attorney fees on appeal was made by him after the rendition of the divorce decree. Upon relator's insistence that the jurisdiction of the Special Judge did not extend after judgment to make such further order, a similar order was made by Hon. Anthony J. Roszkowski, Regular Judge of that court.

If the Special Judge had jurisdiction, we need give no further notice to the additional proceeding before the Regular Judge.

The governing statute, §2-1410, Burns' 1946 Replacement, provides that a special judge ". . . shall have power to hear and determine said cause until the same is finally disposed of, or change the venue thereof in proper cases." It is pointed out by this court in *State ex rel.* v. *Circuit Court of Huntington County* (1940), 217 Ind. 297, 27 N. E. 2d 79, that this means until the rights of the parties respecting the matters involved are determined and adjudicated; that it does not extend to a new and different proceeding. The proceeding here involved is not new or different from the one which the Special Judge was selected to try. The allowance of attorney fees on appeal is merely in furtherance of his decree, as would be the signing of a bill of exceptions. We think the trial judge was the proper one to make the order.

The temporary writ of prohibition heretofore granted as to order of Special Judge, Edgar J. Call, is dissolved; and the temporary writ of prohibition and mandate heretofore issued is made permanent and absolute as to Regular Judge, Anthony J. Roszkowski.

NOTE.—Reported in 112 N. E. 2d 297.