STATE OF INDIANA EX REL. SIMS *v.* HENDRICKS CIRCUIT
COURT, ALLEE, SPECIAL JUDGE, ET AL.

[No. 29,363.   Filed May 17, 1956.]

*Arthur H. Northrup, Ralph B. Gregg* and *Gregg, Fillion, Fillenwarth & Hughes,* of Indianapolis, for relator.

*George R. Jeffery,* of Indianapolis, for respondent.

EMMERT, J.—The Hendricks Circuit Court granted Nina G. Sims an absolute divorce from the relator, and the court made a full disposition of the property rights which included awarding her $72,407.93 alimony. There was also an award of $14,051.00 counsel fees. Thereafter, on October 6, 1955, relator paid the judgment in full. On September 9, 1955, Nina G. Sims filed her petition for support pending an appeal by relator, and for counsel fees and expenses to defend the appeal. On October 28, 1955, the trial court entered a finding and judgment for Mrs. Sims granting her $100.00 a week support, and expenses on appeal, including counsel fees, in the sum of $1,800.00. On December 9, 1955, the trial court issued a rule to show cause against the relator requiring him to appear and show cause why he should not be punished for contempt of court for failure to comply with the judgment of October 28th. We issued a temporary writ of prohibition prohibiting the trial court from proceeding further with this contempt proceeding.

The issue now presented is whether the trial court had jurisdiction to enter the judgment ordering relator to pay support and expenses of appeal for Mrs. Sims. A writ of prohibition is only authorized to restrain and confine the lower court to its lawful jurisdiction. Section 3-2201, Burns' 1946 Replacement, Supp. *State ex rel. Wever* v. *Reeves* (1951), 229 Ind. 164, 168, 96 N. E. 2d 268; *State ex rel. Williams* v. *Goshorn, Judge* (1942), 220 Ind. 369, 43 N. E. 2d 870; *State ex rel. McMinn* v. *Gentry* (1951), 229 Ind. 615, 618, 100 N. E. 2d 676. Errors which do not affect the jurisdiction of the court must be presented by appeal.

There is no doubt that the right in the trial court to make an allowance to the wife for support and suit money pending an action for divorce exists independent of statutory provisions. *State ex rel. McNabb* v. *Allen Sup. Court* (1947), 225 Ind. 402, 75 N. E. 2d 788; *Crowell* v. *Crowell* (1942), 219 Ind. 472, 475, 39 N. E. 2d 602; *Snider* v. *Snider* (1913), 179 Ind. 583, 102 N. E. 32. See also *Brown* v. *Brown* (1945), 223 Ind. 463, 466, 61 N. E. 2d 645.

We believe the trial court also has the inherent power to make an allowance to the wife for support and expenses, including counsel fees, when she is forced to defend an appeal, and "it is almost universally held that, pending an appeal in a matrimonial action, the trial court has jurisdiction to allow both temporary alimony pending the appeal and suit money to prosecute or defend the appeal. . . ." Nelson, Divorce and Annulment (2d Ed.) §12.50, p. 454. See also 27 C. J. S. p. 893, §207(d), and page 920, §221(b); 17 Am. Jur. p. 444, §557, and p. 420, §516, p. 458, §580.

Our Appellate Court followed this general rule in *Cirtin* v. *Cirtin* (1928), 87 Ind. App. 457, 458, 461, 161 N. E. 709, when the trial court ordered appellant to pay $400 for the use of appellee and her attorneys in defending the appeal. The court held the trial court had jurisdiction to make the allowance. In 1919, the same court, in denying it had jurisdiction to entertain an original petition for support and suit money, said, "Whether there was necessity for such an allowance, or for temporary alimony is a question within the sound discretion of the trial court, and cannot be presented to this court except by appeal from the court's decision on that question. *Kesler* v. *Kesler* (1872), 39 Ind. 153; *Snider* v. *Snider* (1913), 179 Ind.

583, 102 N. E. 32." *Eward* v. *Eward* (1919), 72 Ind. App. 638, 642, 125 N. E. 468.

The cases of *Martin* v. *Martin* (1843), 6 Blackf. 321, and *Ringenberg* v. *Ringenberg* (1942), 110 Ind. App. 290, 38 N. E. 2d 870, in so far as they are in conflict with our present holding, are overruled.

The fact that allowances to the wife for her defense of her appeal may be erroneous does not deprive the trial court of jurisdictional power to make them. Since a writ of prohibition from this court can only be used to confine lower courts to their lawful jurisdiction, the temporary writ was improvidently issued, and the same is now vacated.

Bobbitt, C. J., Landis, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 134 N. E. 2d 211.