STATE EX REL. REGER *v.* SUPERIOR COURT OF
MADISON COUNTY NO. 2, ET AL.

[No. 30,131. Filed November 14, 1961.]

*Charles B. Salyer, Ralph Mattingly,* and *Lawrence Booram,* of Anderson, for relator.

*William L. Peck, John E. Scott, Gerald P. Shine,* and *Peck, Scott & Shine,* of counsel, of Anderson, for respondents.

ARTERBURN, J.—The relator has filed a petition for a writ of prohibition to prevent the trial court from making or enforcing any interlocutory orders for the payment of attorney fees, expenses and support money in connection with an action brought by the relator.

The complaint of the relator alleged a combination of three things: (1) that complainant's marriage was void *ab initio* because of a previous existing marriage of the alleged wife; (2) that his marriage was voidable because of fraud and misrepresentation and should be annuled; and finally in the alternative (3) that he should be granted a divorce on the grounds of cruel and inhuman treatment. The prayer of the complaint is for an absolute divorce and that he have the custody of their child and for other relief.

His purported wife filed a cross-complaint alleging (1) a statutory marriage and grounds for a divorce of cruel and inhuman treatment; and (2) further stated a common-law marriage existed subsequent to the termination of the first marriage and asked for a divorce on the same grounds. The complaints and cross-complaints were verified.

The record shows that the trial court made an order for an allowance of attorney fees and support money for the purported wife and child of the parties on December 20, 1960, from which interlocutory order the relator has appealed to this court. After the appeal was taken, the purported wife (the appellee in the case appealed) filed a petition asking for allowances for the additional expenses on the appeal. It is to the orders for allowances for expenses of the appeal that this petition for a writ is directed. A temporary writ was issued in part, as prayed for.

The contention of the relator is that since there is an issue raised in the divorce proceedings that the marriage is void *ab initio,* the court has no jurisdiction to make any orders for support or allowance for attorney fees and expenses in defense of such action in the trial court or on appeal.

The issue of whether or not the alleged marriage is void *ab initio* or merely voidable because of alleged fraud and misrepresentation, or is valid but subject to divorce proceedings, is a matter to be determined by the trial court. The merits of such issues may not be determined in an original action for a writ of prohibition. The mere fact that the relator has alleged facts showing a marriage void *ab initio* does not deprive the opposite party of the right to defense. It is the purpose of the statute (Burns' §3-1216) as well as the principles of equity that a court make provisions by proper orders for a purported wife to insure her an efficient preparation of her case and a fair trial, with support for herself and any children of the alleged marriage. It is well settled that the trial court has inherent authority upon proper showing to make allowances for support and expenses, including counsel fees, for an alleged wife in an annulment case, and statutory authority in a divorce case. *Pry* v. *Pry* (1947), 225 Ind. 458, 75 N. E. 2d 909; *Brown* v. *Brown* (1945), 223 Ind. 463, 61 N. E. 2d 645; *Argiroff* v. *Argiroff* (1939), 215 Ind. 297, 19 N. E. 2d 560.

No distinction appears to be made as to the jurisdiction of a court to make allowances in these cases, whether the action is one to declare the marriage void *ab initio* or merely voidable for fraud, etc.

The respondent court has jurisdiction to make the allowances for defense of an appeal as well as a trial.

*State ex rel. Smith* v. *Lake S. C.* (1953), 232 Ind. 291, 112 N. E. 2d 297; *Cirtin* v. *Cirtin* (1928), 199 Ind. 737, 164 N. E. 493; 87 Ind. App. 457, 161 N. E. 709.

The case of *State ex rel. Sims* v. *Hendricks C. C. et al.* (1956), 235 Ind. 444, 134 N. E. 2d 211 is decisive of the relator's case and is directly in point. There it was sought by a writ of prohibition to prevent a trial court from making an allowance to a wife pending an appeal. This court said: (pp. 446, 447)

> "We believe the trial court also has the inherent power to make an allowance to the wife for support and expenses, including counsel fees, when she is forced to defend an appeal, and 'it is almost universally held that, pending an appeal in a matrimonial action, the trial court has jurisdiction to allow both temporary alimony pending the appeal and suit money to prosecute or defend the appeal. . . .'
>
> . . . . .
>
> "The fact that allowances to the wife for her defense of her appeal may be erroneous does not deprive the trial court of jurisdictional power to make them. Since a writ of prohibition from this court can only be used to confine lower courts to their lawful jurisdiction, the temporary writ was improvidently issued, and the same is now vacated."

The respondent court is a court of general jurisdiction of the subject-matter of the action and cross-action. We may not in this action for a writ of prohibition determine whether the evidence is sufficient to support the order for an allowance. Any alleged abuse of discretion by the trial court in making the allowances can only be reviewed on the appeal taken in this case. (See: *Reger* v. *Reger*, (1961), 242 Ind. 302, 177 N. E. 2d 901.)

It is urged that relief by appeal is not adequate and that an emergency exists for the issuance of the writ in this case. We are not impressed by such argument, since an appeal from an interlocutory order must be filed within ten days from the time the order is made. The briefing is as expeditious as that in the case of an original action. The record reveals here that the payment of the original allowance for attorney fees and expenses made in the trial court for trial purposes was stayed by the appellant and relator upon the filing of an appeal bond. 19 I. L. E., Mandate and Prohibition, Sec. 165, p. 306.

The temporary writ is vacated and the permanent writ is denied.

Landis, C. J., Achor, Jackson and Bobbitt, JJ., concur.

NOTE.—Reported in 177 N. E. 2d 908.