RONALD DEAN BRIGHT v. STATE OF INDIANA.

[No. 671S165. Filed November 21, 1972.]

*Stephen Johnson and Grant County Deputy Public Defender,* of counsel, of Marion, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was convicted by the trial court of the crime of second degree burglary. He was sentenced to the Indiana State Reformatory for not less than two nor more than five years. His motion to correct errors and transcript of record were filed in this Court December 14, 1971.

On June 11, 1971, the appellant filed his verified petition for post-conviction relief in the trial court. A hearing was had on this petition, after which the trial court denied the relief sought. An appeal was taken from that judgment to the Court of Appeals of Indiana where the transcript and

motion to correct errors were filed April 28, 1972, under cause No. 472-A-212.

On the 4th day of August, 1972, this Court made the following order:

"It has been brought to the attention of this Court that subsequent to the filing of appellant's appeal in this cause, he filed a post conviction remedy in the Grant Superior Court Number 2 in the same cause of action here on appeal. The trial court proceeded to hearing on said post conviction remedy and denied the same.

"Subsequently the appellant filed an appeal from the denial of his post conviction remedy which appeal was filed in the Appellate Court under cause number 472-A-212.

"Inasmuch as both appeals relate to the same conviction of appellant in the Grant Superior Court Room 2, it is therefore ordered by this Court that appellant's appeal in the Appellate Court cause number 472-A-212 be transferred to this Court to be consolidated with appellant's appeal cause number 671S165 pending in this Court.

"Dated this 4th day of August, 1972."
Donald H. Hunter, Acting Chief Justice."

The Attorney General of Indiana has filed a motion to dismiss the second appeal. The State's motion to dismiss the second appeal is granted.

At the time the appellant filed his motion to correct errors and transcript of record in this Court in the first appeal, the entire cause was removed from the trial court to this Court thereby depriving the trial court of any further jurisdiction over the action. 2 I.L.E. *Appeals* § 231 (1957). We, therefore, hold the appellant was premature in filing his verified motion for post-conviction remedy in the trial court at a time when the same cause of action was pending in this Court on appeal.

We now turn to the merits of appellant's appeal filed in this Court December 14, 1971, under cause number 671S165. The transcript discloses the following facts:

On the morning of June 9, 1969, one Charles Johnson, who lived in Fairmount, Indiana, near Payne's Grocery, heard

gunfire at about 4:30. About a half hour later he observed an automobile drive down the alley near the store. He observed the car pull out of the alley and park on the street about two houses up the street from Payne's Grocery. He continued to watch the automobile and after 20 minutes, drove his own car past the automobile, but did not see anyone. He obtained the license number and returned home. About 20 minutes later, he saw an automobile go around the block and park beside Payne's Grocery. Mr. Johnson again drove by the parked car, where he observed the defendant putting a box in his car.

Mr. Johnson testified that he had known the defendant almost all his life and made a positive identification of him. He testified he saw the defendant put one box in the car and leave another box outside it. He observed cigarettes sticking out of the box that was still sitting on the ground. As Mr. Johnson drove toward defendant's automobile, the defendant got in his car, leaving the box outside the car. At that time Mr. Johnson observed the glass in the back window of the store was broken. As Mr. Johnson drove away, he observed the defendant get out and pick up the remaining box. He testified that at that time the time was approximately 5:45 A.M.

Mr. Johnson reported the incident to Mr. Swift, the town marshal, then returned to the Payne Grocery, where he again observed the broken window, a meat tray and a coffee can in back of the building. He noticed that holes had been shot through the front door glass, and that one shot had been fired into the lock of the side door. He also observed that the cigarette and candy counter was empty.

Charles Swift, the town marshal, also testified concerning the damage to the building and the presence of the meat tray and the coffee can near the rear window on the ground.

Mr. Payne, the owner of the store, testified that cigarettes which were on display on a counter the night before were missing, and that about $25 in change was missing from the

cash register. Freda Payne, the wife of the store owner, testified that cigarettes of the value of $150 at retail were missing, and that various other items, including a transistor radio, were missing for a total value of about $275.

Appellant first claims the judgment was not based upon substantial evidence of probative value. Citing *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641; *Shutt* v. *State* (1954), 233 Ind. 169, 117 N. E. 2d 892; *Leitner* v. *State* (1967), 248 Ind. 381, 229 N. E. 2d 459, 11 Ind. Dec. 138; *Melvin* v. *State* (1968), 249 Ind. 351, 232 N. E. 2d 606, 12 Ind. Dec. 473. In each of these cases and other cases decided by this Court, we have held that mere presence at the scene of the crime is not sufficient to establish guilt, and that there must be evidence from which the court could conclude that the defendant did, in fact, participate in the alleged crime.

We cannot agree with appellant's position that his case falls within the factual framework of the above cited cases. In the case at bar, appellant was not only positively identified as being near the premises where a burglary had been committed, but he was actually observed to be in possession of goods of the kind taken in the burglary. The time he was so observed was at an early hour in the morning, a fact which the court could consider in determining whether or not the appellant was in lawful possession of the goods he was seen loading into his car.

We hold that the evidence in this case was sufficient for the court to find that at the time the appellant was observed by Mr. Johnson he was, in fact, in the process of burglarizing Payne's Grocery. We have repeatedly stated that we will not weigh the evidence; that such is the province of the trial court. *Smith* v. *State* (1971), 256 Ind. 603, 271 N. E. 2d 133, 26 Ind. Dec. 275.

Appellant next contends the judgment is contrary to the evidence which established the appellant's alibi. It is true

that friends of the appellant testified that on the evening in question he attended a party at the home of friends, and that he was there from 8:30 in the evening until approximately 6:00-6:30 in the morning, during which time he was only absent for about 15 minutes at 3:30 A.M., when he went to get some ice. There was further evidence that after 3:30 A.M. the appellant passed out for a period of time under the influence of intoxicating liquor. However, the court was forced to weigh this alibi testimony with the positive identification by Mr. Johnson of the appellant. The fact that Mr. Johnson had known the appellant nearly all of his life was a fact which the court could consider in weighing the testimony. We have previously held that the credibility of defendant's alibi witnesses is an issue to be determined by the trial court. *Cole* v. *State* (1966), 247 Ind. 451, 215 N. E. 2d 865, 8 Ind. Dec. 227; *Tungate* v. *State* (1958), 238 Ind. 48, 147 N. E. 2d 232.

The trial court is in all things affirmed.

Arterburn, C.J., Hunter and Prentice, JJ., concur; DeBruler, J., dissents in part and concurs in part with opinion.

### Concurring and Dissenting Opinion

DeBruler, J.—I dissent to that part of the majority opinion dismissing appellant's appeal from the judgment of the trial court denying post-conviction relief, and concur in the remainder of the opinion. The issues raised in the post-conviction petition were fully litigated in the trial court, and appellant has filed a record of the proceedings and a brief on the merits. Dismissal has the result of nullifying the trial court post-conviction proceedings, including the work of the trial court, counsel and witnesses. The practical effect of the dismissal is to cause a refiling of the petition in the trial court, a rehearing of the same issues, and in all likelihood, the rendering of a like judgment, with the prosecution of an-

other appeal. To me, dismissal operates here as a useless wasting of judicial resources.

NOTE.—Reported in 289 N. E. 2d 128.