GEORGE T. INKOFF *v.* DIANE INKOFF.

[No. 2-1172A113. Filed January 30, 1974. Rehearing denied March 14, 1974.]

*Dean E. Richards,* of Indianapolis, for appellant.

*George M. Ober, Charles W. Symmes,* of Indianapolis, for appellee.

HOFFMAN, C.J.—This is an appeal from the denial of a petition to modify the terms of a divorce decree. Appellee Diane Inkoff Nicholas (Nicholas) was granted a divorce in previous proceedings in the same trial court from which this appeal is brought, and a judgment was entered on the terms of a property settlement agreement made between Nicholas and her former husband, appellant George Inkoff (Inkoff). Alleging changed circumstances since the property settlement agreement was made, Inkoff petitioned the trial court to modify such consent judgment. The petition was denied.

On appeal, Inkoff alleges that there was insufficient evidence to support the denial of his petition. And, he contends that the award of attorney's fees by the trial court for the defense of this appeal was improper since it was made after the appeal was perfected.

The provision of the divorce judgment which Inkoff is attacking through his petition to modify requires that he and Nicholas each pay one-half the mortgage payment, insurance and taxes on the house they own jointly. This arrangement is, by its terms, to continue until the house is no longer used as a home for any of their children, when it is to be sold and the proceeds divided between them.

Inkoff's reasons for seeking this modification are that Nicholas has remarried since the judgment was entered, her new husband has moved into the house and is conducting business activity therein. As a result of this Inkoff wishes to be relieved of his half of the house expenses.

Normally, a trial court may not modify the material terms of a consent judgment. *Wiggam Milk Co.* v. *Johnson* (1938), 213 Ind. 508, 513, 13 N.E.2d 522, 524. However, where a divorce judgment provides for the care and custody of the children, the court granting the judgment retains continuing jurisdiction over the care and custody of the children during their minority. IC 1971, 31-1-12-15 (Burns Code Edition).[1] *State ex rel. Kleffman* v. *Bartholomew Circuit Ct.* (1964), 245 Ind. 539, 200 N.E.2d 878; *Haag* v. *Haag* (1959), 240 Ind. 291, 163 N.E.2d 243. In the case at bar, the provision of the divorce judgment sought to be modified provided for the care of the children of the marriage by providing them a home at the joint expense of their mother and father. Therefore, this provision of the decree granting the Inkoffs' divorce *is* subject to modification by the trial court entering it.

Although subject to modification, such a provision may be modified only under very limited circumstances. As this court stated in *Renard* v. *Renard* (1956), 126 Ind. App. 245, at 250, 132 N.E.2d 278, at 281, "we must recognize the well-

1. IC 1971, 31-1-12-15, was amended by IC 1971, 31-1-11.5-17 (Burns Cum. Supp. 1973), which likewise indicates that the court has continuing jurisdiction for these purposes, since it provides for modification and revocation of child support orders.

established rule of law that the welfare of the child is paramount to the claims of either parent and that its care * * * should be awarded by the trial court with regard to the best interest of the child."

In furtherance of the purposes of this rule, it has been held that "[w]here modification is sought the burden is on the petitioner to allege and prove a substantial and material change in conditions affecting the welfare of the children." *Huston* v. *Huston* (1971), 256 Ind. 110, at 112, 267 N.E.2d 170, at 171.

Since Inkoff was the petitioner in the case at bar, he had the burden of showing a substantial and material change of conditions affecting the welfare of the children. Because his petition was denied, this appeal is taken from a negative judgment.

When the case is viewed in this light, any attack by Inkoff upon the sufficiency of the evidence before the trial court can be of no avail to him. This is because an allegation of insufficient evidence by a party who had the burden of proof below and who is appealing from a negative verdict presents no issue for review. *Monon Railroad, etc.* v. *N.Y. Central R. Co., etc.* (1967), 141 Ind. App. 277, 227 N.E.2d 450. Clearly, appellant-Inkoff's contentions of evidentiary insufficiency cannot be sustained.

Furthermore, determinations of proper child support in divorce proceedings are committed to judicial discretion, and will not be disturbed on appeal unless an abuse of that discretion is apparent. *Bill* v. *Bill* (1972), 155 Ind. App. 65, 290 N.E.2d 749, 34 Ind. Dec. 545. Such abuse must be apparent upon the face of the record, and it must be clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable and actual deductions to be drawn therefrom. *Draime* v. *Draime* (1961), 132 Ind. App. 99, 173 N.E.2d 70 (transfer denied). The decision of the court and the reasons stated therefor in

*Draime* are applicable to the child support determination of the trial court in the case at bar:

> "The Appellate Court, unlike the lower court, is subjected neither to the physical presence of the parties nor the emotions or motivations of the appellant and appellee. This court has no authority to weigh the evidence, and the decision reached herein is based solely upon the record and authority as presented in the briefs of the parties. Our purpose is to see that the judgment is just, and that the laws of this state are observed and upheld. In light of the above it is the opinion of this court that appellant has not shown where the trial court's judgment is either an abuse of discretion or contrary to law. Therefore the decision of the lower court must be upheld." (At 105 of 132 Ind. App., at 73 of 173 N.E.2d.)

The award of attorney's fees challenged by Inkoff was made by the trial court to enable Nicholas to defend this appeal. Since this award was made by the trial court after its ruling on Inkoff's motion to correct errors, the error he asserts must have occurred after the ruling on such motion and, therefore, could not have been included therein.

Thus, Inkoff was faced with a situation where the trial court acted further in a matter after its final judgment. Rule 2-6 of the Rules of the Supreme Court of Indiana, which was in effect prior to the present Indiana Rules of Procedure, provided for the inclusion of such alleged errors in the transcript for appeal in this situation.[2] However, the present rules do not contain such provision.

Rule AP. 7.2 (A) (1), Indiana Rules of Procedure, requires that either a "certified copy of the motion to correct errors

---

2. Rule 2-6, Rules of the Supreme Court of Indiana, provided:
"In all cases in which a motion for a new trial is the appropriate procedure preliminary to an appeal, such motion shall be filed and shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing of such motion, and an assignment of error on appeal to the effect that the trial court erred in overruling said motion shall be the only means of raising said asserted errors on appeal. *In all other cases and in cases of asserted errors arising subsequent to the filing of the motion for a new trial, such asserted errors may be assigned independently.*" (Emphasis supplied.)

or an assignment of errors" be included in the record of the proceedings on appeal. However, such rule provides that a motion to correct errors is required in all appeals from a final judgment, and a specific assignment of error is required in all appeals from interlocutory orders. Neither of these situations is presented in the case at bar, since an award of attorney's fees after a final judgment is neither final nor interlocutory in nature. This gap in the rules is best resolved by requiring an assignment of errors to be included in the record of any post-judgment proceedings from which an appeal is taken, and for which a motion to correct errors is not required by Rule AP. 7.2, Indiana Rules of Procedure.

Inkoff's brief on the merits of the question of attorney's fees advances a cogent argument that the trial court lacked jurisdiction to award appellate attorney's fees after he had perfected this appeal.

It is beyond question that a trial court may, in its sound discretion, award appellate attorney's fees to the wife in divorce-related action independent of any statutory provision. *Copeland* v. *Copeland* (1969), 145 Ind. App. 73, 248 N.E.2d 571. And, such awards have been held to be merely in furtherance of a trial court's decree, and, so, properly made only by the trial court. *State ex rel. Smith* v. *Lake S.C.* (1953), 232 Ind. 291, 112 N.E.2d 297. Upon examination of the case law in this area, it appears that the rule has developed that the determination of the awarding of appellate attorney's fees to the wife in a divorce-related action, and the amount of such fees, is a matter best decided by the trial court, which is familiar with the fact situation in the particular case. *O'Connor* v. *O'Connor* (1969), 253 Ind. 295, 253 N.E.2d 250; *Crowe* v. *Crowe* (1965), 247 Ind. 51, 211 N.E.2d 164; *State ex rel. Sims* v. *Hendricks C.C. et al.* (1956), 235 Ind. 444, 134 N.E.2d 211.

Inkoff's argument, however, is that the trial court had no jurisdiction to act *when it did,* that is, while the appeal of

its judgment was pending. In *State ex rel. Reger* v. *Superior Court, etc.* (1961), 242 Ind. 241, 177 N.E.2d 908, our Supreme Court allowed the trial court in a divorce action to make this determination while the case was pending on appeal, indicating the trial court has continuing jurisdiction to enter such an award. That a similar award was made in the case at bar cannot, therefore, warrant reversal.

Finally, Inkoff takes issue with the amount of the appellate attorney's fees awarded to Nicholas by the trial court. At the trial court hearing on this issue, Nicholas showed both her inability to pay the attorney's fees, and presented an expert witness in her behalf who testified to the reasonable value of the appellate work which had been done to defend the appeal up to that time. Inkoff presented but one witness in his behalf on this point—Nicholas' attorney. His testimony did not contradict that of the expert witness in any way.

The following reasoning from *Copeland* v. *Copeland, supra,* at 78-79 of 145 Ind.App., at 574-575 of 248 N.E.2d, is here applicable:

> "Appellant did not introduce evidence that appellee's requested fees were excessive or that the hourly estimates of the bar members were incorrect, and appellant did not contest appellee's affidavit [testimony in the case at bar] which alleged that she could not pay for her legal services. Therefore, the evidence was uncontradicted, and on the basis of the evidence heard, the trial court was justified in ordering appellant to pay $2,000.00 to appellee's attorney in the defense of this appeal.

> \* \* \*

> "In view of the uncontradicted evidence, the court was justified in making the order, and in so doing, it did not abuse its discretion in any manner."

No reversible error having been shown, the judgment of the trial court is affirmed.

Affirmed.

Garrard and Staton, JJ. concur.

Note.—Reported at 306 N.E.2d 132.