Paul M. NEHRING, Defendant-Appellant,

v.

John D. RAIKOS, Plaintiff-Appellee.

No. 2–878A254.

Court of Appeals of Indiana,
Second District.

June 25, 1979.

William K. Byrum, A. David Stippler, Byrum, Gagnon, Diehl & Stippler, Indianapolis, for defendant-appellant.

David L. Martenet, Ober, Symmes, Cardwell, Voyles & Zahn, Robert J. Shula, Bingham, Summers, Welsh & Spilman, Gustin J. Raikos, Raikos & Raikos, Indianapolis, for plaintiff-appellee.

PER CURIAM.

This cause is pending before the Court on the Appellee's Motion to Vacate Orders and to Dismiss Appeal Upon Jurisdictional Grounds and Brief in Support; on the Appellant's Memorandum in Opposition to Appellee's Motion; on the Appellant's Motion for Order to Expunge and Vacate Trial Court Order Dated August 3, 1978, and for Order Mandating Appellee to Reimburse Funds to the Clerk of the Superior Court of Marion County; on the Appellee's Supplemental Brief in Support of Appellee's Motion to Vacate Orders and Dismiss Appeal; on the Appellant's Response and on the Appellee's Reply.

### STATEMENT OF THE CASE

This is an appeal from the judgment of the trial court overruling defendant-appellant's Trial Rule 60(B) motion to set aside a default judgment which had previously been entered against him.

### THE MOTION TO VACATE ORDERS AND TO DISMISS APPEAL ON JURISDICTIONAL GROUNDS

This motion alleges the appeal was not timely filed because the appellant should have perfected his appeal within ninety days from the overruling of his first motion to correct errors. The appellee urges the retroactive application of the Su-

preme Court's decision in *P.M. Gas & Wash Co., Inc. v. Smith* (1978), Ind., 375 N.E.2d 592.

After the time that the trial court overruled the first motion to correct errors, it amended its judgment concerning the amount of interest to be paid. The appellant filed a second motion to correct errors directed to the amended judgment and he perfected this appeal on the ninetieth day after the ruling on the second motion to correct errors.

The sequence of events in the trial court was as follows:

1–5–78  Default judgment against Nehring. Judgment for $128,114.41, with interest at the rate of 1% per month.

2–10–78  Nehring files TR.60(B) motion for relief from judgment.

3–31–78  Judgment, overruling motion for relief from judgment.

3–31–78  Nehring files motion to correct errors and praecipe.

4–4–78  Order. Motion to correct errors overruled.

4–5–78  Nehring files petition for stay of execution and setting of bond.

4–11–78  Order. Petition for stay of execution granted. Bond set at $165,-000.00. Interest on judgment changed to be 8% per annum.

4–13–78  Nehring files second motion to correct errors, restating all allegations of original motion, but also attacking the change in the judgment made by the 4–11–78 order, which changed the amount of interest.

4–27–78  Indiana Supreme Court hands down opinion in *P.M. Gas & Wash Co. v. Smith*, reported in the June 14, 1978, Northeastern advance sheet.

5–4–78  Order. Second motion to correct errors overruled.

5–8–78  Praecipe filed.

8–2–78  Record of proceedings filed in this Court under Cause Number 2–878–A–254.

As earlier stated, the appellee urges the retroactive application of *P.M. Gas & Wash,*

and alleges that this appeal should have been filed within ninety days from April 4, 1978, the date of the order overruling the first motion to correct errors.

The appellant argues that at the time the trial court amended its judgment by changing the amount of interest, and at the time he filed the second motion to correct errors, *P.M. Gas & Wash* had not yet been decided and under the law then prevailing,[1] he was required to file a second motion to correct errors directed to the amended judgment, as a condition precedent to appeal.

We do not believe the Supreme Court would expect the members of the bar to be so possessed of clairvoyance that they should anticipate the decisions of the Supreme Court and apply them before they are handed down and before they are published in the advance sheets. At the time the trial court amended its judgment concerning the amount of interest to be paid, and at the time the appellant filed his second motion to correct errors, *State v. Deprez (supra)* and its progeny were the current law and required a subsequent motion to correct errors if the trial court made any amendment, alteration or modification of its prior judgment, as a condition precedent to an appeal from the amended judgment. To apply *P.M. Gas & Wash* retroactively in this case would deny the appellant the right to appellate review of his case on the merits.[2]

In the case of *Estate of Holderbaum v. Gibson* (1978), Ind.App., 376 N.E.2d 1189, the plaintiff filed a subsequent motion to correct errors after the trial court had granted the defendants' Motion to correct errors. In that case, Judge Staton recognized the limited retroactive effect of *P.M. Gas & Wash* and then stated at p. 1192:

"Thus, when the trial court granted the estate's motion to correct errors, Gibson should have, pursuant to the new guidelines, initiated an appeal by filing a praecipe within thirty days of the entry of the order granting the motion. Gibson can nevertheless avoid the harshness of the retroactive application of *Smith* if we determine that, under the law as it existed at the time the estate's motion was granted, the proper procedure would have been to file an additional motion to correct errors."

\*　　\*　　\*　　\*　　\*　　\*

"The law as it existed at the time the estate's motion was granted very clearly required Gibson to file an additional motion to correct errors in order to preserve her right to appeal."

Thus in the case at bar, the law as it existed at the time the trial court amended its judgment very clearly required Nehring to file a second motion to correct errors directed to the amended judgment in order to preserve his right to appeal. The appellee's Motion to Vacate Orders and to Dis-

---

1. *State v. Deprez* (1973), 260 Ind. 413, 296 N.E.2d 120, 300 N.E.2d 341; *Davis v. Davis* (1974), 159 Ind.App. 290, 306 N.E.2d 377; *State v. Kushner* (1974), 160 Ind.App. 464, 312 N.E.2d 523; *Hansbrough v. Ind. Rev. Bd.* (1975), 164 Ind.App. 56, 326 N.E.2d 599; *Minnette v. Lloyd* (1975), Ind.App., 333 N.E.2d 791; *Campbell v. Mattingly* (1976), Ind.App., 344 N.E.2d 858.

2. Concerning the problem of retroactivity, we find the following in Sutherland, *Statutory Construction*, Vol. 2, (4th edition) at p. 247:

"It is a fundamental principle of jurisprudence that retroactive application of new laws involves a high risk of being unfair. There is general consensus among all people that notice or warning of the rules that are to be applied to determine their affairs should be given in advance of the actions whose effects are to be judged by them. The hackneyed maxim that everyone is held to know the law, itself a principle of dubious wisdom, nevertheless presupposes that the law is at least susceptible of being known. But this is not possible as to law which has not yet been made.

"Bentham stated the case against retroactivity most succinctly yet eloquently as an argument against judicial legislation in the mode in which the substantive body of English common law was fashioned by courts as a by-product of decisions of particular cases, when he likened it to 'dog law,' referring to the age-old method of training dogs by waiting until they do what they are to be forbidden to do, and then kicking them."

miss Appeal Upon Jurisdictional Grounds is denied.

## THE SUPPLEMENTAL BRIEF IN SUPPORT OF APPELLEE'S MOTION TO VACATE ORDERS AND DISMISS APPEAL

■ In his Supplemental Brief the appellee alleges that the appellant failed to file the transcript on appeal with the clerk of the trial court, and cites as authority the cases of *Boyd v. Ralph Rogers and Company, Inc.*, (1975), Ind.App., 338 N.E.2d 323, and *Johnson v. Taylor Bldg. Corp.* (1977), Ind.App., 363 N.E.2d 1067.

We have carefully examined the record of the proceedings and we do not find any order book entry showing the filing of the transcript of the proceedings at trial. The Clerk's Certificate is the usual form employed by the Marion County Clerk and certifies that he has "incorporated in this transcript the original Bill of Exceptions containing the evidence in said cause instead of a copy thereof, all as requested by the above and foregoing praecipe." The Judge's Certificate, executed on July 5, 1978, contains an affirmative statement that "the transcript of the evidence was examined, approved, signed, sealed and caused to be filed and made a part of the record in this cause this 5th day of July 1978."

In *Dahlberg v. Ogle* (1977), Ind., 364 N.E.2d 1174, our Supreme Court stated that for the purposes of evidencing the act of filing with the clerk, recitals in the Judge's Certificate should be received on the same basis as like recitals in the Clerk's Certificate. The Court went on to state:

> "Here there is a direct, affirmative statement under the signature and seal of the court that the transcript of the evidence was filed with the clerk. Such statement sufficiently evidences the proper filing of such document, and therefore this transcript of evidence is properly in the record."

So it is in the case now before us. The Judge's Certificate sufficiently evidences the filing of the transcript of the evidence and therefore it is properly in the record. The appellee's Supplemental Brief in Support of Appellee's Motion to Vacate Orders and to Dismiss Appeal is denied.

## THE APPELLANT'S MOTION FOR ORDER TO EXPUNGE AND VACATE ORDER OF TRIAL COURT DATED AUGUST 3, 1978, AND FOR ORDER MANDATING APPELLEE RAIKOS TO REIMBURSE FUNDS TO THE CLERK OF THE SUPERIOR COURT OF MARION COUNTY

■ On March 31, 1978, the appellant petitioned this Court for Stay of Execution of the trial court's judgment. These proceedings were docketed under a March, 1978, cause number, namely 2–378–A–106. An immediate temporary stay was issued. Subsequently, after a hearing the temporary stay was dissolved. No further proceedings were had in Cause No. 2–378–A–106. The appellant thereafter sought and obtained a stay of execution in the trial court and posted a cash appeal bond with the clerk of the trial court in the sum of $165,000.00.

The record of the proceedings was filed in this Court on August 2, 1978, the ninetieth day after the overruling of the second motion to correct errors. The Clerk of this Court did not file the record under the March cause number but rather, docketed the case as a new case and assigned it an August, 1978, cause number, namely 2–878–A–254.

On August 3, 1978, the appellee checked the docket of the Clerk of this Court under the March cause number and found no entry showing the record to have been filed on or before August 2, 1978. Appellee then filed in the trial court his motion to direct the clerk to pay him the balance due on the judgment from the funds posted with the clerk by the appellant as an appeal bond to stay execution on the judgment pending appeal. Also on August 3, an order was

entered by the trial court, *ex parte*, directing the clerk to disburse from the cash bond posted by the appellant, the sum of $17,-397.09 to the appellee in satisfaction of the judgment. The appellee signed a receipt for the $17,397.09 on August 3.

When the appellant filed the record of the proceedings with the Clerk of the Court of Appeals on August 2, 1978, this Court acquired jurisdiction of this case and the trial court was deprived of any further jurisdiction in the action. Rule AP. 3(A), *Bright v. State* (1972), 259 Ind. 495, 289 N.E.2d 128. Clearly, the trial court's order entered in this cause on August 3, 1978, after the trial court had lost jurisdiction, was void.

We elect to treat the Appellant's Motion for Order to Expunge and Vacate Order of Trial Court Dated August 3, 1978, and for Order Mandating Appellee Raikos to Reimburse Funds to the Clerk of the Superior Court of Marion County as a petition for writ of mandate in aid of our appellate jurisdiction and we find that it should be granted since we have determined that the trial court's order of August 3, 1978, was void for lack of jurisdiction. Accordingly, the trial court is ordered to expunge its *ex parte* order heretofore entered on August 3, 1978, in Cause No. S777–1422, and the appellee Raikos is ordered to repay to the Clerk of the Superior Court of Marion County the sum of $17,397.09, in order to maintain the status quo between the parties pending the determination of this appeal on the merits.