John E. TAYLOR, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 2–1078A363.

Court of Appeals of Indiana, Second District.

July 18, 1979.

George K. Shields, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Defendant-appellant John E. Taylor, after a bench trial, was convicted of Burglary, a Class C felony, IC 35–43–2–1 (Burns Code Ed., Supp.1977). In order to determine the issue properly before this court, the following chronology of events is relevant:

| | |
|---|---|
| May 30, 1978 | Sentencing held. |
| July 24, 1978 | Motion to Correct Errors filed. |
| July 25, 1978 | Motion to Correct Errors overruled; Pauper Counsel, present counsel, appointed for appeal. |
| July 31, 1978 | Praecipe filed. |
| October 20, 1978 | Record of Proceedings filed with the Clerk of the Supreme Court and Court of Appeals. |
| November 16, 1978 | Petition for Permission to file Belated Motion to Correct Errors filed with trial court; Supplemental Praecipe filed; Petition for Permission to Incorporate Recent Trial Court Proceedings in |

Record of Proceedings filed with Clerk of Supreme Court and Court of Appeals.

| | |
|---|---|
| November 17, 1978 | Permission to file Belated Motion to Correct Errors granted by trial court; Belated Motion to Correct Errors filed and overruled. |
| November 28, 1978 | Petition to Incorporate granted by the Chief Judge of the Court of Appeals. |

Although both Taylor and the State proceed on the assumption that the issues raised in this appeal are those preserved in Taylor's Belated Motion to Correct Errors, we *sua sponte* note that the issues raised in this appeal are those preserved in Taylor's original Motion to Correct Errors.

■ Pursuant to Indiana Rules of Procedure, Appellate Rule 3(A),[1] the appellate tribunal acquires jurisdiction on the date the record of the proceedings is filed with the Clerk of the Supreme Court and Court of Appeals. *Bright v. State,* (1972) 259 Ind. 495, 289 N.E.2d 128; *Beard v. State,* (1978) Ind.App., 375 N.E.2d 270. Once the appellate tribunal acquires jurisdiction, the trial court is deprived of any further jurisdiction over the action. *Logal v. Cruse,* (1977) Ind., 368 N.E.2d 235 *cert. denied* 435 U.S. 943, 98 S.Ct. 1523, 55 L.Ed.2d 539; *Bright v. State, supra; Beard v. State, supra. Cf., Davis v. State,* (1977) Ind., 368 N.E.2d 1149 (provides the procedures where an appellant from a criminal conviction seeks to bring a petition for post-conviction relief pending resolution of his appeal).

■ Thus, in the case *sub judice,* this appellate tribunal acquired jurisdiction over the action on October 20, 1978 and the trial court was without jurisdiction to entertain Taylor's Petition for Permission to file Belated Motion to Correct Errors or his Belated Motion to Correct Errors. Hence, the issues on appeal are those preserved in Taylor's original Motion to Correct Errors.[2]

---

1. A.R. 3(A) provides:

(A) Submission. Every appeal shall be deemed submitted and the appellate tribunal deemed to have acquired jurisdiction thereof on the date the record of the proceedings is filed with the clerk of the Supreme Court and Court of Appeals.

2. Moreover, we note that the additional issue raised in Taylor's Belated Motion to Correct Errors was meritless. The issue so raised questioned the sufficiency of the evidence of Taylor's sanity. In this regard, however, no written plea of insanity was filed by Taylor and the issue of Taylor's sanity was not before the trier of fact. *See Hollander v. State,* (1973) 156 Ind.App. 329, 296 N.E.2d 449.

Furthermore, the fact that the Chief Judge of the Court of Appeals granted Taylor's Petition to Incorporate does not aid Taylor. The facts Taylor alleged in his petition were, at best, misleading. Paragraph Five (5) of Taylor's petition to this Court avers:

> 5. Counsel for defendant was granted permission to file, and did file, with the trial court a Belated Motion to Correct Errors, which was overruled the same day.

The record before this Court reveals, however, that Taylor was not granted permission to file a Belated Motion to Correct Errors until the day after he filed his petition with this Court.

Moreover, since no dates concerning the filing of the belated motion were averred in Taylor's petition before this Court, this Court could not but assume that the proceedings subsequent to the overruling of Taylor's original Motion to Correct Errors were entirely proper. *Cf., Gregory v. State*, (1979) Ind., 386 N.E.2d 675 (trial court has authority to grant permission to file an amended motion to correct errors where sixty days has not yet expired since entry of judgment). The complete record containing the appropriate dates, however, reveals otherwise.

Thus, turning to Taylor's original Motion to Correct Errors, the issue preserved in this appeal is whether there was sufficient evidence to sustain Taylor's conviction. The record reveals the following facts: On November 24, 1977 Officer Michael Schmitt of the Indianapolis Police Department was on routine patrol when he received a radio dispatch requesting him to check the B & D Superette at 2459 North Guilford. Upon Schmitt's arrival at the B & D Superette, at approximately 2:40 A.M., he checked the outside of the building and noticed some boards stacked on the roof of the southeast corner near a window that appeared to be open. Shortly thereafter the owner of the premises, David Profetta, arrived and unlocked the front door. Upon Schmitt's entry into the front door he noticed the top of Taylor's head protruding from behind a counter near the cash register at the front of the store. Schmitt ordered Taylor to "freeze," walked over to where Taylor was sitting, and, after being told by Profetta that Taylor did not have permission to be in the store, placed Taylor under arrest.

When Taylor was discovered sitting on the floor, he had a machine between his legs that was used to print the amounts on money orders. Strewn about on the floor surrounding Taylor were nineteen (19) money orders, two (2) of which had been made out. Further investigation revealed that there was a hole in the back wall of the store, behind the produce counter, which led to a storage area where the open window was that Schmitt had observed from the outside of the building. An empty pillow case and an overcoat were also discovered in the rear of the store. Mr. Profetta testified that when he left work the night before the burglary that the doors and windows were locked and the hole in the wall was secured with a sheet of metal.

When reviewing the sufficiency of the evidence, this Court considers the evidence most favorable to the verdict, together with all reasonable inferences which may be drawn from that evidence. If there is substantial evidence of probative value to support each element of the offense, the judgment will be affirmed. *McCormick v. State*, (1978) Ind.App., 382 N.E.2d 172.

The foregoing evidence was sufficient to establish that Taylor (1) broke and entered (2) into the building or structure of another person (3) with the intent to commit a felony therein.

The judgment of the trial court is in all respects affirmed.

BUCHANAN, C. J., and SULLIVAN, J., concur.