**Thomas Lee HUDSON, Appellant
(Respondent Below),**

**v.**

**Nancy Lynn HUDSON, Appellee
(Petitioner Below).**

**No. 2–883–A–305.**

Court of Appeals of Indiana,
Second District.

Oct. 21, 1985.

Jeffrey A. Lockwood, Eisele, Lockwood & Burke, Anderson, for appellant (respondent below).

Sharon Carroll Clark, Anderson, for appellee (petitioner below).

## MEMORANDUM DECISION

SULLIVAN, Judge.

### VIII.[1]

As a supplemental issue, Husband contests the holding of a hearing and an award of appellate attorney fees to Wife's attorneys to be paid by Husband. The hearing was conducted by the trial court after the filing of the record in this court. The award of appellate attorney fees was entered after the filing of appellant's brief. It is Husband's position that the trial court lacked jurisdiction because his earlier motions for change of judge divested that jurisdiction and further, because the appeal was pending in this court. He asserts additionally that such award constituted an abuse of discretion in the light of the relative financial situations of the parties.

Under Issue I, we held that the trial court did not err in denying the motions for change of judge. Accordingly, the filing of such motions did not render all subsequent actions of the court invalid. To hold otherwise would be to state that the mere filing of a motion premised upon bias and prejudice divests a court of all further authority to act, whether the motion is meritorious or not. We reject Husband's assertion in this regard.

Husband's contentions concerning the conflict in jurisdiction between a trial court and an appellate tribunal require a different determination.

Although I.C. 31–1–11.5–16 (Burns Code Ed.Supp.1984) authorizes the trial court to award attorney fees "after entry of judgment", that provision may not be

---

1. *Ed. Note:* only Issue VIII was deemed to satisfy the criteria for publication pursuant to Appellate Rule 15(A).

viewed as an extension of jurisdiction if the exercise thereof is incompatible with the vesting of jurisdiction in the Court of Appeals.

The focus of our determination is necessarily centered upon the clear and unmistakable holding of *Bright v. State* (1972) 259 Ind. 495, 289 N.E.2d 128. The jurisdictional conflict there, involved the filing of a petition for post-conviction relief in the trial court after the perfection of an appeal of the criminal conviction to the Court of Appeals. The Court stated:

"At the time the appellant filed his motion to correct errors and transcript of record in this Court in the first appeal, the entire cause was removed from the trial court to this Court thereby depriving the trial court of any further jurisdiction over the action." 289 N.E.2d at 129.

Subsequently, the Third District of our court considered a similar problem in a civil context. Concerned with the filing of a Petition for Relief in the trial court pursuant to Ind.Rules of Procedure, Trial Rule 60, after the appeal had been perfected in the Court of Appeals, the decision in *Logal v. Cruse* (1975) 3d Dist. 167 Ind.App. 160, 338 N.E.2d 309, relied upon *Bright v. State, supra*. The court observed that a basic principle of jurisprudence is that two courts may not exercise authority over the same case at the same time. The separate concurrence acknowledged this premise in the controlling light of *Bright*, but suggested that there be created some vehicle for consolidation of various issues so that "prompt and efficacious" determinations could be made both at the trial and appellate levels.

A vehicle toward that end was created by our Supreme Court in the decision upon transfer, *Logal v. Cruse* (1977) 267 Ind. 83, 368 N.E.2d 235, *cert. denied* (1978) 435 U.S. 943, 98 S.Ct. 1523, 55 L.Ed.2d 539. The somewhat complicated procedure set forth by our Supreme Court clearly reaffirmed the underlying premise of *Bright v. State, supra,* 289 N.E.2d 128. In *Davis v. State* (1977) 267 Ind. 152, 368 N.E.2d 1149, that procedure was also adopted for use in the precise situation considered in *Bright*. As in *Logal v. Cruse, supra,* the *Davis* court specifically reaffirmed that upon the perfection of an appeal, a trial court loses jurisdiction.[2] The superseded Court of Appeals decision in *Logal v. Cruse* did not cite its prior decision in *Inkoff v. Inkoff* (1974) 3d Dist. 159 Ind.App. 239, 306 N.E.2d 132. In the latter, the Court, notwithstanding *Bright v. State,* had observed.

"Inkoff's argument, however, is that the trial court had no jurisdiction to act *when it did,* that is, while the appeal of its judgment was pending. In *State ex rel. Reger v. Superior Court, etc.* (1961), 242 Ind. 241, 177 N.E.2d 908, our Supreme Court allowed the trial court in a divorce action to make this determination while the case was pending on appeal, indicating the trial court has continuing jurisdiction to enter such an award. That a similar award was made in the case at bar cannot, therefore, warrant reversal." (Original emphasis) 306 N.E.2d at 135.

Although the opinion merely said the appeal was "pending" at the time of the award, our examination of the record in that case reveals that, as here, the record and the appellant's brief had been filed in this court prior to the award of attorney fees by the trial court. However, the case relied upon by the *Inkoff* case, *State ex rel. Reger, supra,* 177 N.E.2d 908, involved a Petition for Writ of Prohibition against a trial court while an interlocutory appeal was pending. The entire case, as contemplated by *Bright v. State, supra,* had not been removed to the appellate tribunal. In *State ex rel Sims v. Hendricks Circuit Court* (1956) 235 Ind. 444, 134 N.E.2d 211, the principal authority relied upon in *State*

---

2. The rationale of *Logal v. Cruse, supra,* and *Davis v. State, supra,* would appear to apply to any attempt to enforce a trial court judgment pending appeal. *See Nehring v. Raikos* (1979) 2d Dist. 181 Ind.App. 125, 390 N.E.2d 1092 at 1096. The absolute preclusion of trial court proceedings has also been held applicable during the period pending possible rehearing in the Court of Appeals. *Wilson v. State* (1984) 4th Dist.Ind.App., 472 N.E.2d 932.

*ex rel. Reger,* an identical situation was involved. An examination of the record in *Sims v. Sims* (1957) 128 Ind.App. 408, 146 N.E.2d 111, discloses that the record in that appeal had not been filed, nor had a petition for extension of time been filed in the appellate court before the fee award was made. It was this fee award which prompted the proceeding for writ of prohibition in *State ex rel. Sims, supra.* Thus *Inkoff v. Inkoff, supra,* 306 N.E.2d 132, was not presented in the same procedural posture as *State ex rel. Reger, supra,* 177 N.E.2d 908, and the *Sims* cases, *supra.*

Nevertheless, there is a clear tension between the two lines of authority. One might make a valiant effort to distinguish the cases but that would not resolve the underlying problem. The exercise of jurisdiction in the trial court is either inconsistent with the acquisition of jurisdiction by the appellate tribunal or it is not.

Any criminal-civil distinction is without significance in the light of *Logal v. Cruse, supra,* 368 N.E.2d 235 (civil) and *Davis v. State, supra,* 368 N.E.2d 1149 (criminal). In *Taylor v. State* (1979) 2d Dist. 181 Ind. App. 392, 391 N.E.2d 1182, a criminal case, we relied upon *Logal v. Cruse, supra,* as well as upon *Bright v. State, supra,* 289 N.E.2d 128, and *Davis v. State, supra,* in holding that the jurisdiction acquired by the appellate tribunal is exclusive.

A more meaningful distinction may exist between subsequent proceedings in a trial court relative to the validity of the judgment under appeal [3] and those which concern supplemental or unrelated matters in the same litigation or cause.[4]

At some point in time the litigation underpinning the issues upon appeal must be deemed at rest so that the appellate tribunal might consider the issues sufficiently final for meaningful review. On the other hand, with regard to the specific matter before us, the trial court is peculiarly, if not exclusively, able to make the factual determinations essential to an appropriate allowance of fees for preparation or defense of an appeal. *Inkoff v. Inkoff, supra,* 306 N.E.2d at 135. *See also Logal v. Cruse, supra,* 368 N.E.2d at 237.

The vehicle created by *Logal v. Cruse, supra,* and *Davis v. State, supra,* 368 N.E.2d 1149, relates to the curing of errors in the judgment under appeal, in order to avert a needless consideration of that error at the appellate level. Our situation involves a new and different order in the litigation based upon matters taking place subsequent to the assumption of jurisdiction by the appellate tribunal and not directly related to the judgment itself.

This distinction was logically and artfully drawn in *Cirtin v. Cirtin* (1928) 87 Ind. App. 457, 161 N.E. 709. That case was cited with approval in *State ex rel. Reger, supra,* 177 N.E.2d 908, and in *State ex rel. Sims, supra,* 134 N.E.2d 211. It cogently stated:

"As it seems to us, the quotation from 2 Ency.Pl. & Pr., *supra,* must have been made for the purpose of confirming what the court had said as to the well-settled rule quoted above, which is, as we understand it, that an appeal from a final judgment rendered *upon the issues* in a cause carries the whole case embraced within the *final adjudication* to the appellate tribunal. In this case, by a final adjudication upon the issues, a decree of divorce and judgment for alimony was rendered in favor of appellee, and when the appeal was perfected, jurisdiction as to the questions of divorce and alimony were absolutely removed from the jurisdiction of the trial court. But the matter here involved is independent of any question raised by the appeal and was not

**3.** *Davis v. State, supra; Logal v. Cruse, supra; Bright v. State, supra; Wilson v. State, supra,* 472 N.E.2d 932; *Taylor v. State, supra; Nehring v. Raikos, supra,* 390 N.E.2d 1092. *See also Coulson v. Indiana & Michigan Electric Co.* (1984) Ind., 471 N.E.2d 278 (attempt to modify or vacate interlocutory order pending interlocutory appeal).

**4.** *State ex rel. Reger, supra; State ex rel. Sims, supra; Hudson v. Tyson* (1978) 2d Dist. 178 Ind.App. 376, 383 N.E.2d 66; *Inkoff v. Inkoff, supra; Cirtin v. Cirtin, supra.*

within the issues and was in no sense adjudicated. In fact, it could not have been adjudicated, for, at that time, there was no appeal and hence no necessity for an allowance to defend against an appeal. The appeal itself has created the necessity for the allowance to defend against the same." (Original emphasis) 161 N.E. at 710.

Viewed from a slightly different procedural perspective, the appellate fee award here is not unlike an independently appealable order supplemental to a judgment. *Hudson v. Tyson* (1978) 2d Dist. 178 Ind. App. 376, 383 N.E.2d 66. *But see Inkoff v. Inkoff, supra,* 306 N.E.2d 132. Whether separately and independently appealable or not, however, prompt and efficient consideration of the disputed matters militate in favor of some procedure which maintains the finality requirement for appealable issues but which does not require needless proliferation of appeals.

We will not and should not speculate with respect to what, if any, procedural accommodation our Supreme Court might make for solution of the problem addressed here. Whether the Court directs a procedure similar to that outlined in *Logal v. Cruse, supra,* 368 N.E.2d 235; or whether the appellate forum is required to consider and determine the matter of appellate fees; or whether the trial court is permitted to make the determination without leave of the appellate court; or whether some other procedure is more appropriate, is not for us to say.

While we may strongly prefer that petitions for attorney fees be resolved, in the first instance, by the trial court; and while that preference is not lessened by the fact that this court may have acquired jurisdiction, we are nevertheless compelled by the strong and unmistakable message of *Bright* and *Davis* and *Logal.*

We are an intermediate appellate tribunal and do not have the authority to alter concepts of jurisdiction enunciated by our Supreme Court. Accordingly, we are obligated to hold that the trial court was without jurisdiction to enter the award for appellate attorney fees after the trial record had been filed in this court.[5]

In accordance with this opinion, we reverse the determination of the trial court finding Thomas Hudson in contempt for failure to deliver the Datsun automobile and for failure to pay attorney fees. We also reverse the supplemental order directing the payment of appellate attorney fees. In all other respects the dissolution decree is affirmed.

Costs are hereby assessed against Appellant Thomas Lee Hudson.

SHIELDS, J., concurs.

BUCHANAN, C.J., concurs in result with separate opinion.

BUCHANAN, Chief Judge, concurring in result.

I concur in the result only in this case.

Further, I would add that in aid of our appellate jurisdiction this court may remand the question of determination of attorneys' fees to the trial court. *See* Ind. Rules of Procedure, Appellate Rule 4(C).

---

5. We do not decide whether the trial court is divested of jurisdiction by the filing of a praecipe pursuant to Indiana Rules of Procedure, Appellate Rule 2(A), or by the issuance of a Court of Appeals order pursuant to A.R. 2(C), or whether that divestment occurs only with the filing of the record pursuant to A.R. 3(A). We note, however, that although A.R. 3(A) states that the "appellate tribunal [is] deemed to have acquired jurisdiction" on the date the record is filed, the appeal is initiated by the filing of the praecipe with the clerk of the trial court and quite obviously some authority to act, i.e., jurisdiction must exist pursuant to A.R. 2(C) even though the record has not yet been filed.