STATE OF INDIANA *v.* GEORGE L. BRIDENHAGER ET AL.

[No. 871S222. Filed December 23, 1971.]

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellant.

*George W. Barger, James A. Emmert,* of Shelbyville, *Patrick N. Ryan, Ryan & Welchons,* of Marion, *Arch N. Bobbitt,* of Indianapolis, for appellees.

SUPPLEMENT TO ORDER OF DECEMBER 16, 1971

PRENTICE, J.—The motions and petitions ruled upon previously involved the same question, namely whether or not the attempted appeal was timely filed and is properly pending before this Court.

Plaintiffs (Appellees) obtained a summary judgment in the trial court (Superior Court of Marion County sitting En Banc as the Court of Claims), and the defendant (appellant) filed a timely motion to correct errors, which was overruled by the trial court sitting in general term on May 3, 1971. The ruling was entered in the minutes of the meeting, which were delivered to the clerk and a customary postcard notice ordered mailed to counsel, although no order book entry was made upon the ruling. On June 7, 1971, the defendant filed its praecipe for a complete record of the proceedings to be used on appeal, which record was certified and offered to this Court for filing on August 3, 1971. Appellees seek to have the appeal dismissed by reason of its not having been filed within ninety (90) days from the date of the ruling upon the motion to

correct errors, as required by Appellate Rule 3 (B) of this Court.

Defendant seeks to avoid the consequences of the late filing upon three grounds, to which we shall separately address this opinion.

(1) That it received a postcard notice on May 6, 1971, which recited that the motion to correct errors was overruled, but did not indicate the date of such ruling and that under authority of 1964 Replacement Burns' §§ 49-1937 and 49-1938 the ninety day period allowed by Appellate Rule 3 (B) did not commence to run until May 6, 1971, the day it received a postcard notice of the overruling of its motion to correct errors.

1964 Repl. Burns' §§ 49-1937 and 49-1938 were expressly repealed by 1968 Repl. Burns' 2-4818 and superseded by rules of procedure adopted by this Court on July 29, 1969 (effective January 1, 1970) currently in effect and in effect throughout the proceedings with which we are here concerned. These rules make no special provision in favor of the State, as did Burns' §§ 49-1937 and 49-1938, suspending the time allowed for taking appeals. Appellate Rule 3 (B), therefore, applies to the State as well as to other litigants.

(2) That no order book entry has been made with respect to the overruling of the motion to correct errors, and that accordingly, the motion has not yet been ruled upon.

Although, as contended by Defendant, a court speaks by its record, which is its order book, and the order book entries are not dependent for their stability or validity on outside memoranda; and for many purposes, a judgment, until entered, is not complete, perfect and effective until this is done; it, nevertheless, is effective between the parties from the time of rendition.

"* * * rendition of the judgment is the act of the judge, judicial, but the entry thereof, the act of the clerk, minis-

terial, and the judge's signature is likewise a ministerial attestation to the correctness of the clerk's transcription of a judgment *complete in itself when pronounced by the judge.* * * * ." (Emphasis ours) *Bailer* v. *Dowd* (1942), 219 Ind. 624, 627, 40 N.E. 2d 325.

The absence of an order book entry is correctable by a nunc pro tunc entry, which, when made, takes effect as of the time of the original judgment. *Chissom, et al.* v. *Barbour, et al.* (1885), 100 Ind. 1; *Leonard, et al.* v. *Broughton, et al.* (1889), 120 Ind. 536, 22 N. E. 731.

(3)    That on August 4, 1971, Defendant filed in the trial court a motion to rule upon the motion to correct errors; that said motion has not been ruled upon; that more than thirty (30) days have elapsed, and that accordingly the case should be transferred under authority of TR. 53.2 (A).

This proposition presupposes that the motion to correct errors had not yet been ruled upon on August 4, 1971 (the date of filing the motion to rule upon the motion to correct errors). It is moot, in view of our holding upon Defendant's ground number (2) above. It is, nevertheless, to be noted that TR. 53.2 (A) is not self-operating. We have recently passed upon similar questions arising under TR. 53.1 (A) and determined that affirmative action by counsel or the clerk is a prerequisite. *Jolly* v. *Modisett, et al.* (1971), 257 Ind. 426, 275 N. E. 2d 780; *Raisor* v. *Kelly* (Dec. 3, 1971), Ind., 275 N. E. 2d 542.

Appeal dismissed. Time for filing petition for rehearing to run from this date.

Givan, J., concurs; Arterburn, C. J. and DeBruler and Hunter, J.J., not participating.

NOTE.—Reported in 276 N. E. 2d 843.