RONALD EUGENE HRIC; GEORGE F. MUELLER & SONS, INC. *v.* HAROLD E. HAMILTON.

[No. 3-1274A217. Filed September 2, 1975. Rehearing denied October 30, 1975. Transfer denied May 25, 1976.]

*J. Edward Jones,* of Blue Island, Illinois, *Joseph J. Wasko,* of East Chicago, for appellants.

*John J. McDonagh,* of Hammond, for appellee.

PER CURIAM—This cause is pending before the Court on the Appellee's Motion to Dismiss, the principal allegation of which is that the record on appeal does not contain any motion to correct errors, and in fact, no motion to correct errors was ever filed in the trial court.

The appellants' Response to the Appellee's Motion to Dismiss Appeal alleges that the appellants filed a motion to vacate the judgment which was in the nature of a motion to correct errors and it should be treated as a motion to correct errors.

The record reveals this was a cause of action by plaintiff-appellee Hamilton for damages against defendants-appellants Hric, George F. Mueller & Sons, Inc., and George A. Mueller, occasioned by Hamilton's parked automobile being struck and damaged by a truck owned by Mueller, Inc., and operated by Hric. The complaint was filed in December of 1970. An answer in admission and denial was filed in July of 1971. Thereafter on January 15, 1974, plaintiff filed request for admissions. The court issued its order requiring the defendants to answer the same within fifteen days. When no answer was filed, the plaintiff on February 11, 1974, filed his motion for summary judgment and affidavit in support. The record

next shows that on March 21, 1974, the parties were present in court by their respective attorneys, at which time the court entered its order granting the defendants fifteen days to file objections to the plaintiff's motion for summary judgment and to file their own motion for summary judgment. The record does not disclose that the defendants filed any opposition to plaintiff's motion nor that they filed a motion for summary judgment in their behalf.

The record next discloses that on June 3, 1974, a hearing was had on the plaintiff's motion for summary judgment. Judgment was entered for plaintiff on plaintiff's motion. No motion to correct errors was filed directed to the judgment of June 3, 1974. Thereafter on July 3, 1974, the defendants filed what they denominated "Motion to Vacate Judgment of June 3, 1974." Said motion, omitting caption and signature, reads as follows:

> "Comes now the above named defendants George F. Mueller & Sons, Inc., a corporation, and George A. Mueller, agent and individually, and move that the judgment heretofore entered against them on June 3, 1974 be vacated and held for naught, and in support of this motion they file the affidavit of J. Edward Jones, attorney for said defendant. (sic)
> "They further move that the Court allow them to file instanter a tendered answer to interrogatories heretofore filed herein and a proposed pre-trial Order."

The affidavit of J. Edward Jones in support of the motion to vacate judgment asserts that neither he nor his clients received a copy of the plaintiff's Request for Admissions and claims surprise in that pursuant to Rule TR. 36(A) the facts referred to in the Request for Admissions were admitted as a matter of law, since the Request for Admissions was not answered within the time as permitted by the order of the court.

Thereafter on September 23, 1974, appellants' Motion to Vacate Judgment of June 3, 1974, came on for hearing. The transcript of the proceedings at this hearing reveals that defendants-appellants' attorney orally petitioned the court for leave to amend the title of the Motion to Vacate to a Mo-

tion to Correct Errors. He further orally petitioned the court to make further amendments to his Motion to Vacate by making certain additions to the motion. Counsel for plaintiff-appellee argued against amendment of the Motion to Vacate, pointing out that the time within which a motion to correct errors could have been filed had expired. Thereupon the court denied the oral motions to amend the Motion to Vacate and treated the motion as a motion pursuant to TR. 60 (B).

We agree with the trial court's treatment of the Motion to Vacate as a motion pursuant to TR. 60 (B), rather than as a motion to correct errors. The motion did not seek to alter, amend, modify or correct the judgment which had been entered. Instead it sought to have the judgment opened, further pleadings to be filed and further proceedings to be had on the issues between the parties.

Mr. Jones' acquiescence in the court's treatment of his Motion to Vacate as a motion pursuant to TR. 60 (B) is shown by the following statements made by him at the hearing on the motion:

"Now, I just want to conform to the form of your practice over here. If the motion to vacate judgment under Section 60 is satisfactory, I don't care about re-entitling this motion. I am not asking to make any changes in the affidavit of Mr. Mueller or myself, but I am asking, of course, for a leave to say that we have a good and meritorious defense." R. p. 74

"Now, as I look at Trial 60-B, Section 8 of that rule says that you may have relief for any other reason justifying relief from the operation of the judgment. That is a catch-all paragraph there that takes care of any just reason, and it is not just for a judgment to be entered against somebody who has no shred of responsibility." R. pp. 88, 89.

At the conclusion of the hearing the trial court denied the Motion to Vacate Judgment. The appellants did not file a motion to correct errors directed to that ruling. The day following the Court's ruling, the defendants-appellants filed their praecipe and this appeal followed.

Rule TR. 60 (C) provides that a ruling or order of the court denying or granting relief, in whole or in part, by motion

under subdivision (B) of this rule shall be deemed a final judgment, and an appeal may be taken therefrom as in the case of a judgment. This Court has previously held that the filing of a motion to correct errors is a prerequisite to taking an appeal from a ruling on a TR. 60 (B) motion. In the case of *Hooker* v. *Terre Haute Gas Corporation* (1974), 162 Ind. App. 43, 317 N.E.2d 878, 880, Judge Lowdermilk speaking for the Court stated:

"The denial of a motion for relief from judgment under TR. 60(B) is a final judgment and an appeal may be taken therefrom. (See Tr. 60 [C]). In the case of Northside Cab Co., Inc. v. Penman (1972), [155] Ind. App. [23], 290 N.E. 2d 782, this court held that a motion to correct errors pursuant to Ind. Rules of Procedure, Trial Rule 59, was the necessary procedural step in taking an appeal from a final judgment denying relief on a TR. 60(B) motion . If no motion to correct errors is timely filed after the denial of the TR. 60(B) motion, then this court is without jurisdiction to consider the appeal. It is unquestioned that no motion to correct errors was timely filed after the trial court overruled Motion I on September 28, 1972. Thus, no errors are properly presented to this court based upon Motion I."

Since the appellants in this case have failed to file a motion to correct errors directed to the court's ruling on the Motion to Vacate Judgment, they have failed to preserve any errors for appeal and this Court is without jurisdiction to consider this appeal.

The Appellee's Motion to Dismiss is sustained and this cause is dismissed.

NOTE.—Reported 333 N.E.2d 322.