**John Michael SCHEETZ,**
**Appellant (Petitioner),**

**v.**

**Sandra Marie SCHEETZ, Appellee**
**(Respondent).**

No. 2–785–A–229.

Court of Appeals of Indiana,
Second District.

June 24, 1987.

Gregory F. Hahn, William T. Rosenbaum, Cohen, Malad and Hahn, Indianapolis, Chris L. Shelby, Lebanon, for appellee.

BUCHANAN, Judge.

## CASE SUMMARY

This is a consolidated appeal arising from a dissolution proceeding in which the trial court simultaneously granted a Trial Rule 60(B) motion and a motion to correct error filed by the appellee Sandra Marie Scheetz (Sandra) thereby allowing her the opportunity to present additional evidence as to the value of the marital property. Petitioner-appellant John Michael Scheetz (Michael) appeals alleging that the trial court did not have jurisdiction to act on the motion to correct error and the T.R. 60(B) motion. Also, in an interlocutory appeal, Michael claims the trial court lacked jurisdiction to award Sandra appellate attorney fees.

We reverse in part and affirm in part.

## FACTS

The evidence most favorable to the judgment establishes these facts. On June 2, 1983, Michael filed a petition for dissolution of marriage with the Hamilton Superior Court. After extensive discovery and numerous continuances, trial was held in June of 1984. Michael and Sandra had acquired numerous assets during the course of their fifteen-year marriage, and they devoted most of their efforts at trial to establishing a value for these assets. A dispute arose at trial concerning the admissibility of an appraisal of a Florida property owned by a partnership in which Michael had an interest. A Florida real estate expert hired by Michael appraised one of the partnership properties, the Raintree parcel, at $2.8 million. Michael disclosed the contents of the appraisal to Sandra's attorneys during discovery. At trial, however, Michael chose not to introduce into evidence the appraisal of his expert. Attempts by Sandra's attorneys to introduce the appraisal of Michael's expert were rejected by the court as hearsay. Michael testified that the Raintree

Michael A. Bergin, Locke, Reynolds, Boyd and Weisell, Indianapolis, for appellant.

parcel was valued at $1.9 million; Sandra's expert estimated the worth of the property at $1.89 million.

On August 29, 1984, the trial court entered a dissolution decree in which it determined that Sandra's and Michael's total net worth was $783,293. Both Michael and Sandra complied with the property distribution ordered in the decree. Sandra filed a timely motion to correct errors on October 29, 1984, raising nineteen allegations of error.[1] On January 18, 1985, before the trial court ruled on her motion to correct error, Sandra retained new counsel and filed a motion for relief from judgment pursuant to Ind.Rules of Procedure, Trial Rule 60(B). Sandra listed nine bases for relief in her T.R. 60(B) motion requesting that the trial court admit additional evidence and that it enter a new division of property. The first eight grounds are premised on Sandra's mistake or excusable neglect in presenting adequate evidence at trial valuing the marital assets. The ninth ground requests relief on equitable grounds. On April 11, 1985, Sandra filed an amended, verified motion for relief from judgment raising the same grounds as her earlier T.R. 60(B) motion.

On May 22, 1985, the trial court, after hearing oral argument by the parties, found that valuation evidence presented by Sandra was immaterial or inadmissible. The trial court found Sandra failed to introduce relevant evidence on virtually all of the marital assets of substantial value because the assets were not valued as of the date that Michael filed his petition for dissolution of marriage. In order to remedy the prejudice suffered by Sandra as a result of finding Sandra's valuation evidence to be inadmissible and immaterial, the trial court entered a memorandum decision describing its action as a grant of both Sandra's motion to correct errors and her motion for relief from judgment.

The following excerpts capture the essence of the trial court's findings and conclusions:

"Whether under Trial Rule 60(B)(1) or 60(B)(8), Trial Rule 59, or the general equitable power of this Court, this Court has the authority, within the sound exercise of judicial discretion, to re-open the case in order to accept additional evidence.

. . . .

7. Because [Sandra] did not sumbit [sic] evidence of the value of Century 21 Scheetz Co., Inc.; the residence; Scheetz & Singleton, Inc.; Grandview Associates Ltd.; Westgate Associates Ltd.; or Raintree Associates Ltd. as of a date or on the date of final separation of the parties, the Court had no alternative but to accept the evidence submitted by [Michael] as to each of these assets.

. . . .

13. Because of the vast disparity in [the] two appraisals [of the Raintree property], and because the appraisal by [Michael] cannot be considered to be disinterested and objective, the Court finds that additional evidence should be submitted upon the valuation of these Florida properties as of June 2, 1983.

. . . .

17. Because of the lack of any other relevant evidence, the Court was required to accept the valuation of the Century 21 Scheetz Co., Inc. prepared by Bruce D. Allman, offered by [Michael]. However, after re-considering the evidence, particularly the valuation report [Michael's Exhibit] and [Sandra's] Motion, the Court finds that the valuation report is incomplete, and the Court requires further evidence in order to determine the value of this marital asset as of June 2, 1983.

. . . .

20. At the hearing on [Sandra's] Motion for Relief from Judgment, [Sandra] submitted certified copies of records from the Department of Metropolitan Development, Division of Development Services regarding the re-zoning of [40 acres of

---

1. Any error, other than the jurisdictional question, in granting the motion to correct error is not at issue here.

real estate owned by Scheetz & Singleton, Inc.].

. . . .

22. Based upon these certified records of the Department of Metropolitan Development, which were not a part of the evidence in this matter, the Court finds that it should reconsider its Finding of Fact 50, [finding that land was not rezoned for residential development as of June 2, 1983], and its valuation of this marital asset, and permit the parties to introduce additional evidence upon this issue.

23. The Court further finds that the only significant asset of Scheetz & Singleton, Inc. was the 40 acre parcel of real estate, and that such a marital asset should be valued by a real estate appraiser, rather than merely by an accountant.

. . . .

25. Based upon [Sandra's] Motion for Relief from Judgment, Motion to Correct Errors, supporting Memorandum and oral argument, the Court finds that ... real estate partnership interests [of Southwest Housing Ltd. and Southeast Housing Ltd.] may have a value as a tax shelter and should have distribution value upon sale or refinance of the real estate and, at least, would have as a value the basis or cost of acquiring the partnership interests.

26. Since value of these partnership interests is unknown and since their value could have an effect upon the equitable division of marital assets, additional evidence should be admitted.

27. [Michael] is a participant in the Century 21 Scheetz Co., Inc. 'Employees Pension Plan.' While the Court has found, based upon the testimony of Toni S. Ax, that [Michael] does not have a present right of withdrawal under this plan and that it is not, therefore, a marital asset, the Court was not provided with any evidence of the plan's value or of [Michael's] interest in the Plan.

. . . .

29. Based upon [Sandra's] Motion for Relief from Judgment, Motion to Correct Errors, supporting Memoranda and argu-
ment, the Court finds that it should reconsider the value of the Employees Pension Plan to [Michael], at least as an economic circumstance, in its division of the marital assets and that it should permit evidence of said value as of June 2, 1983, to be offered by the parties.

30. The Court finds, based upon [Sandra's] Motion for Relief from Judgment and Motion to Correct Errors that the Decree is inconsistent with respect to the application of gross values and net values of the various marital assets. While the valuations of the Century 21 Scheetz Co., Inc., and the three Florida properties have been adjusted for selling costs and tax considerations, the residence and the lake house were not.

31. The Court finds that additional evidence should be offered so that it can determine both the gross and net valuations of the marital assets and that the valuations of marital assets be consistent in their application of gross or net value to the extent reasonable and proper.

32. Based on the Motion to Correct Errors, the Court also finds that, because of the disparity of earning ability of the parties, it should also reconsider Finding of Fact 138., relating to the payment of [Sandra's] cost of litigation and attorneys' fees.

. . . .

*Conclusions of Law:*

1. That as a result of mistake, surprise or excusable neglect, or Court error, the evidence introduced at the original trial of this cause was inadequate, insufficient, incomplete and did not permit the Court to determine the fair value of the marital and other property owned by the parties for the purpose of establishing a fair and equitable division of marital property in the Decree which was entered in this matter.

2. That relief from the division of property is justified on [Sandra's] behalf."

*Record* at 433–440.

The trial court then ordered a new trial for the presentation of additional evidence "only on the major assets where there was not a fair and full presentation of evi-

dence." *Record* at 440. Michael has never filed a motion to correct error with the trial court alleging what error, if any, was committed by the granting of Sandra's motion for relief from judgment.

In preparation for the hearing to admit additional evidence, Sandra requested discovery, authorization to hire expert witnesses, and attorney fees. The court granted Sandra's motion in part and scheduled a hearing on her request for attorney fees for June 14, 1985. Michael responded on June 10, 1985, with a motion requesting a continuance of the attorney fee hearing and an extension of time for complying with the discovery ordered by the court, so that he could perfect an appeal from the trial court's May 22, 1985 order. The trial court granted Michael's request and set the hearing for June 28, 1985. Also on June 10, 1985, Michael filed a praecipe for the record of the dissolution proceedings and requested that the clerk of the court prepare a docket entry showing Sandra's motion to correct error had been denied because the trial court failed to rule on Sandra's motion to correct error within the thirty-day period provided by T.R. 53.3. The clerk denied Michael's praecipe indicating there was no motion to correct error then pending before the trial court.

Michael filed the record of proceedings with this court on June 26, 1985. Two days later, on June 28, 1985, the trial court granted Sandra's petition for post-trial and appellate attorney fees. The trial court ordered Michael to pay "one-half of past attorney fees in the sum of $8,662.50 plus $5,000.00 as preliminary attorney fees for process of appeal of this matter." *Record, Interlocutory Appeal* at 66. Michael filed a praecipe and proceeded with an interlocutory appeal from the June 28, 1985 order awarding post-trial and appellate attorney fees to Sandra. The interlocutory appeal and appeal from the dissolution proceeding in chief were consolidated by order of this court.

To recapitulate:

| | |
|---|---|
| 6/2/83 | Michael files petition for dissolution |
| 6/84 | Hearing on petition for dissolution |
| 8/29/84 | Decree of dissolution entered—property division made |
| 10/29/84 | Sandra files timely motion to correct errors (60th day fell on a Sunday) |
| 12/20/84 and 1/9/85 | New attorneys enter appearance for Sandra |
| 1/18/85 | Sandra files motion for relief from judgment (T.R. 60(B)) |
| 5/22/85 | Trial court grants both Sandra's motion for relief from judgment and motion to correct errors; orders new trial to value major assets on July 9, 1985 |
| 5/30/85 | Sandra requests authority to hire experts and petitions for preliminary attorney fees |
| 6/10/85 | Michael files praecipe for record of proceedings and requests court clerk to enter docket entry to show Sandra's motion to correct errors is denied pursuant to T.R. 53.3 |
| 6/26/85 | Michael files record of proceedings in Court of Appeals |
| 6/28/85 | Trial court awards Sandra post-trial and appellate attorney fees |

## ISSUES

Several issues are raised which can be consolidated and restated as follows:

1. Does this court lack jurisdiction to entertain this appeal because Michael failed to file a motion to correct errors after the trial court granted Sandra's motion for relief from judgment and her motion to correct errors?

2. Did the trial court err in granting Sandra relief under T.R. 60?

3. Did the trial court err in ruling on Sandra's motion to correct errors after more than thirty days from the hearing on her motion?

4. Is Sandra precluded from relief after both parties have complied with the terms of the property disposition in the dissolution decree?

5. Did the trial court lack jurisdiction to award Sandra attorney fees for post-trial proceedings and for defending Michael's appeal?

## DECISION

ISSUE ONE—Does this court lack jurisdiction to entertain this appeal because Michael failed to file a motion to correct errors after the trial court granted Sandra's motion for relief from judgment and her motion to correct errors?

PARTIES' CONTENTIONS—Sandra claims that Michael's appeal should be dismissed because of his failure to file a motion to correct errors after the trial court granted the relief she sought.

Michael responds that T.R. 59(F) relieves him from filing a motion to correct errors as he was adversely affected by the trial court's grant of Sandra's motions.

CONCLUSION—Michael is properly before this court.

■ A party seeking appellate review from the trial court's grant of a T.R. 60(B) motion is required to file a motion to correct error. *Hric v. Hamilton* (1975), 165 Ind.App. 562, 333 N.E.2d 322, *trans. denied;* T.R. 60(C). A party seeking appellate review from the granting of a T.R. 59 motion is *not* required to file a motion to correct error. *Breeze v. Breeze* (1981), Ind., 421 N.E.2d 647; T.R. 59(F). However, if those two motions raise essentially the same issues which were discoverable at trial, then the T.R. 60(B) motion must be treated as a T.R. 59 motion. *Houston v. Wireman* (1982), Ind.App., 439 N.E.2d 732. A rose by any other name is still a rose. We are not bound by the captions of a motion. *McQueen v. State* (1979), 272 Ind. 229, 396 N.E.2d 903; *Houston, supra.* As we shall more fully develop in Issue 2, even though the trial court and the parties have denominated Sandra's second motion as a T.R. 60(B) motion, it is in all respects a T.R. 59 motion as the issues were discoverable by a timely T.R. 59 motion. So, Michael can seek appellate review without filing a motion to correct errors under the specific provisions of T.R. 59(F): "A party who is prejudiced by any modification or setting aside of a final judgment or an appealable final order following the filing of a motion to correct error may appeal that ruling without filing a motion to correct error."

ISSUE TWO—Did the trial court err in granting Sandra relief under T.R. 60?

PARTIES' CONTENTIONS—Michael contends that the grounds asserted by Sandra in her motion for relief from judgment were known or discoverable in time for inclusion in a T.R. 59 motion. He concludes that the basis for the trial court's

grant of relief was waived for failure to raise those grounds in a timely manner by a T.R. 59 motion.

Sandra responds that because of mistake or excusable neglect, she failed to raise equitable grounds for relief until her T.R. 60 motion. Hence, she concludes the trial court did not abuse its discretion in granting her relief.

CONCLUSION—The trial court erred in granting Sandra relief under T.R. 60.

■ A T.R. 60 motion is not a substitute for a direct appeal and, consequently, may not be used to extend the time limitations for T.R. 59. *Houston, supra; Snider v. Gaddis* (1980), Ind.App., 413 N.E.2d 322, *trans. denied.* Any matter known or discoverable within the period for filing a timely motion to correct error must be preserved for appeal by filing a T.R. 59 motion rather than a T.R. 60(B) motion. *Houston, supra; Snider, supra.* It is the one seeking relief that has the burden of affirmatively establishing that it was not possible to raise the claimed errors by a timely T.R. 59 motion. *See Snider, supra.*

■ Sandra has not met her burden to establish a right to relief under T.R. 60(B). The allegations in her T.R. 60 motion were predicated upon matters known or discoverable by Sandra within the time to file a T.R. 59 motion. She claimed nine grounds for relief. One through eight are premised upon Sandra's failure to present adequate evidence at trial valuing the parties' assets. Ground nine requests relief on an equitable basis, asking the trial court to permit additional evidence valuing the marital property. Each basis for relief, of necessity, came to Sandra's attention either during the course of the dissolution proceedings or when the trial court entered its decree of dissolution. Any asserted errors could have been included in her motion to correct errors.

Another strand of the procedural tangle before us is whether this T.R. 60(B) motion can be considered by the trial court even though the grounds asserted therein were known or discoverable if those grounds were omitted because of fraud, mistake,

surprise or excusable neglect. *Fulton v. VanSlyke* (1983), Ind.App., 447 N.E.2d 628, *trans. denied; Carvey v. Indiana National Bank* (1978), 176 Ind.App. 152, 374 N.E.2d 1173. The factual circumstances in *Fulton* and *Carvey* are distinguishable from this case. In *Fulton* and *Carvey*, the court considered the propriety of filing repetitive T.R. 60(B) motions. More important, those cases concluded that the failure to include the grounds for errors in the first motion for relief resulted from misrepresentations by other counsel despite the *due diligence* of the attorneys in pursuing relief available to their clients.

This case is more factually similar to *Moe v. Koe* (1975), 165 Ind.App. 98, 330 N.E.2d 761, *trans. denied.* On the day of the paternity trial, Moe appeared without counsel and participated in the trial. After a judgment was entered against Moe, he retained an attorney to perfect an appeal. That attorney, however, failed to act and Moe hired another attorney who filed a T.R. 60(B) motion (after the time for filing a motion to correct errors had expired) alleging the judgment was a result of mistake, surprise and excusable neglect on his part. The motion also alleged mistake, surprise, and excusable neglect for Moe's failure to take an appeal. The court explained that Moe, not having been diligent in pursuing error that could have been the subject of a timely appeal under T.R. 59, could not use T.R. 60 to revive an expired remedy.

As was true in *Moe, supra,* it is inescapable that there was no evidence before the trial court in this case indicating the nature of Sandra's mistake or excusable neglect in failing to raise these issues in a timely motion to correct errors. Unfortunately, the record is devoid of any facts from which the trial court could have drawn a reasonable inference that Sandra's failure to timely raise all her grounds for relief was the result of mistake or excusable neglect. So we must conclude the trial court erred in granting Sandra's T.R. 60(B) motion.

One of the peculiar aspects of this appeal arises from the fact the trial court in its

judgment on May 22, 1985, simultaneously *granted both* Sandra's pending motion to correct errors and her pending T.R. 60(B) motion, without making any distinction between the two. We have already determined that the trial court improperly granted Sandra's T.R. 60(B) motion (it is not a substitute for an appeal). Now we must consider whether the trial court had jurisdiction to grant or deny Sandra's motion to correct errors. Michael alleges error *only* as to the court's jurisdiction to entertain the motion to correct errors and raises no question as to the merits of granting that motion by the trial court.

Sandra concedes that the trial court granted only two of the nineteen assignments of error in her motion to correct errors, i.e., "that it was unfair to value the assets to [Sandra] at gross value ... [while] the assets distributed to [Michael were valued at] ... net of costs of sale and capital gains taxes" and that the trial court would "reconsider the allocation of Sandra's attorney fees and litigation costs." *Appellee's Brief* at 2–3. As her motion to correct errors was timely filed, the trial court on remand may properly consider these two grounds for relief.

ISSUE THREE—Did the trial court err in ruling on Sandra's motion to correct errors after more than thirty days from the hearing on her motion?

PARTIES' CONTENTIONS—Michael points to T.R. 53.3 claiming the trial court lacked jurisdiction to rule on Sandra's motion to correct error when it failed to make an entry within the time provided by the rule.

Sandra's response is that the provisions of T.R. 53.3 require affirmative action by Michael, and by failing to object prior to the trial court's ruling on the motion, he has waived any error in this regard.

CONCLUSION—The trial court did not err in ruling on Sandra's motion to correct error after more than thirty days from her hearing on the motion.

T.R. 53.3(A) provides in part, "[in] the event a court ... fails to rule on a motion to correct error within thirty (30) days after it was heard ... upon applica-

tion of any interested party, the pending motion to correct error may be deemed denied." T.R. 53.3(E) elaborates on the procedure to implement T.R. 53.3(A):

> "*Upon the filing of a praecipe by an interested party*, the Clerk of the court shall enter the date and time of the filing in the Clerk's praecipe book, record the filing in the docket under the cause, and determine whether a ruling on a motion to correct error has been delayed beyond the time limitation set forth under this rule.
>
> (1) If the Clerk determines that a ruling has not been delayed beyond the limitation set forth under Section (A) of this rule, the Clerk shall notify, in writing, all parties of record in the proceeding and enter a notation of this determination in the docket under the cause.
>
> (2) If the Clerk determines that a ruling on a motion to correct error has been delayed beyond the time limitation set forth under Section (A) of this rule, the Clerk shall enter notice in the docket of the cause that the motion to correct error is deemed denied and serve this entry in accordance with Trial Rule 72(D)."

(Emphasis supplied). Section A of T.R. 53.3 sets forth time limitations which, if not complied with by the trial court, may result in the denial of a *pending* motion to correct error. The rule does not indicate that a trial court's ruling on a motion to correct error is nullified simply because the trial judge entered its ruling after thirty days from the hearing on the motion.

This rule is not self-activating. More than the mere passage of time is required to divest a trial court of jurisdiction. T.R. 53.3(E) indicates that the filing of a praecipe by an interested party is the act that commences the clerk's obligation to determine whether a delay has occurred. Our construction is consistent with decisions of this court for similar procedural rules. *Cf. State v. Bridenhager* (1971), 257 Ind. 544, 276 N.E.2d 843, *modified on other grounds* (1972), 257 Ind. 699, 279 N.E.2d 794 (rule providing that failure of court to rule on a motion within thirty days after the motion is filed shall be transferred to a judge appointed by the supreme court is

not self-operating; rather, affirmative action by counsel or court clerk is prerequisite).

Michael made no attempt to implement T.R. 53.3 until *after* the trial court had granted Sandra's motion to correct error. As no action was taken while Sandra's motion to correct error *was pending* to cause the clerk to deem Sandra's motion denied by reason of the trial court's failure to rule in a timely fashion, we can hardly conclude the trial court was without jurisdiction to rule on Sandra's motion to correct error.

ISSUE FOUR—Is Sandra precluded from relief after both parties have complied with the terms of the property disposition in the dissolution decree?

PARTIES' CONTENTIONS—Michael contends that Sandra has accepted the benefits awarded to her by the dissolution decree, therefore she is precluded from attacking the decree.

Sandra responds that she is not prohibited from seeking an appeal because the portion of the judgment she accepted is not disputed by the parties and, in any event, she contends she has not brought this appeal.

CONCLUSION—Sandra is not precluded from filing a motion to correct error even though both parties had complied with the property settlement disposition ordered in the dissolution decree.

To constitute an acceptance of the benefits of a dissolution decree so as to preclude an appeal, "the benefits 'accepted' must be of such a nature as to clearly indicate an intention on the part of that spouse to be bound by the divorce decree." *O'Connor v. O'Connor* (1969), 253 Ind. 295, 253 N.E.2d 250, 252. In *O'Connor*, the supreme court denied application of the general rule that acceptance of financial benefits may preclude a party from seeking an appeal when the husband merely sold an automobile awarded to him under the property division of the decree. The court explained:

> "To require a spouse to incur *liabilities or losses* in order to be free of an allegation of accepting the benefits of a divorce

decree is an anomaly indeed. Likewise, a requirement that possession of all assets, regardless of their nature, be frozen in the spouse to which they are awarded if an appeal is contemplated is unreasonable, unrealistic and unnecessary. Appeals often take considerable time, a fact to which this case, from trial through appeal, will bear witness. Certainly the rule does not and should not require that in the interim a spouse be unreasonably hampered by the denial of the right to make those dispositions of property required as a normal incident of everyday life."

*Id.* at 296, 253 N.E.2d at 252. The abrogation of the doctrine of indivisibility as it relates to appeals from divorce decrees was reaffirmed in *Loeb v. Loeb* (1973), 261 Ind. 193, 301 N.E.2d 349. In *Loeb,* the wife's appeal was not subject to dismissal because she had remarried and because she had accepted financial benefits occurring under the decree, including the acceptance of alimony installments and obtaining a new mortgage on the real estate awarded to her.

Likewise, Sandra's acceptance of the family residence, a lake house, and cash distribution for the property division do not estop her from attacking the judgment. Michael concedes that "a wife who, with her children has lived in the family home during the pendency of a divorce, does nothing inconsistent with an appeal to continue to reside there, even if the home was awarded to her in the judgment." *Appellant's Reply Brief* at 9. However, Michael argues that Sandra's conduct of receiving a quit claim deed for the property and expending money that she received through the property division prejudices him. Sandra, however, is not prevented from appealing a judgment merely because she has accepted some benefits of the judgment. If she loses, she is required to restore any benefits accepted, together with interest and/or damages. *See Overpeck v. Dowd* (1977), 173 Ind.App. 610, 364 N.E.2d 1043, *modified on other grounds,* Ind.App., 368 N.E.2d 1175, *trans. denied.*

ISSUE FIVE—Did the trial court lack jurisdiction to award Sandra attorney fees for post-trial proceedings and for defending Michael's appeal?

PARTIES' CONTENTIONS—Michael argues that upon his filing of the record in this action with the clerk of the supreme and appellate courts, jurisdiction of the entire case rested in the court of appeals and the trial court had no authority to award attorney fees.

Sandra contends the award of attorney fees by the trial court in a dissolution proceeding is an ancillary matter, therefore, the trial court does not lose jurisdiction over this issue upon the filing of an appeal from the case-in-chief.

CONCLUSION—The trial court had jurisdiction to award Sandra attorney fees for post-trial proceedings and for defending Michael's appeal.

Resolution of this issue finds us precariously perched on the horns of a dilemma. Two conflicting lines of authority in this court focus on the question of awarding attorney fees on appeal.

The first horn of our dilemma appears in *Hudson v. Hudson* (1985), Ind.App., 484 N.E.2d 579, in which case the second district concluded that a trial court had no jurisdiction to award appellate attorney fees in a dissolution action after a party had filed the record of proceedings with this court. Judge Sullivan carefully analyzed the cases and concluded that the result in *Hudson* is dictated by *Bright v. State* (1972), 259 Ind. 495, 289 N.E.2d 128 and *Logal v. Cruse* (1977), 267 Ind. 83, 368 N.E.2d 235, *cert. denied* (1978), 435 U.S. 943, 98 S.Ct. 1523, 55 L.Ed.2d 539. The author of this opinion concurred in the result in *Hudson,* a position from which he is now withdrawing. In *Bright* and *Logal,* our supreme court stated that upon perfection of an appeal, a trial court loses any further jurisdiction over the action. *Bright* addressed a defendant's petition for post-conviction relief filed with the trial court while an appeal was pending. *Logal* concerned an appellant's T.R. 60 motion filed while an appeal from the judgment was pending. *Hudson* strictly interpreted these cases and concluded that a trial court

was divested of jurisdiction after an appeal was initiated, even if the issue raised in the trial court was separate and distinct from the matter appealed. The rationale of these cases is that "[a]t some point in time the litigation underpinning the issues upon appeal must be deemed at rest so that the appellate tribunal might consider the issues sufficiently final for meaningful review." *Hudson, supra,* at 582. Yet it was acknowledged that "prompt and efficient consideration of the disputed matters militate in favor of some procedure which maintains the finality requirement for appealable issues but which does not require needless proliferation of appeals." *Id.* at 583.

In reaching the holding in *Hudson,* the holding in *Inkoff v. Inkoff* (1974), 159 Ind. App. 239, 306 N.E.2d 132, that the trial court had jurisdiction to award appellate attorney fees after an appeal involving the same parties had commenced, was rejected because it was improperly founded on two Indiana Supreme Court cases, *State ex rel. Reger v. Superior Court* (1961), 242 Ind. 241, 177 N.E.2d 908, and *State ex rel. Sims v. Hendricks Circuit Court* (1956), 235 Ind. 444, 134 N.E.2d 211. Judge Sullivan distinguished *Reger* and *Sims* based on the observation that the record in those appeals reveal that the entire cause in each case had not been removed from the trial court.

The second horn of the dilemma confronts us in the third district's *Wagner v. Wagner* (1986), Ind.App., 491 N.E.2d 549. About six months after *Hudson* along came *Wagner,* holding that an award of appellate attorney's fees is separate and distinct from the issues on appeal and therefore the perfection of an appeal does not deprive the trial court of jurisdiction to make such an award. Judge Staton, writing for the third district, reasoned that the procedural posture of *Reger* and *Sims* is irrelevant to the determination that a trial court has the inherent authority to award appellate attorney fees in a dissolution case after perfection of an appeal. The essence of *Wagner* is that appellate attorney fees could not have been adjudicated at the time of trial because at that time there was no

appeal and hence no necessity for an allowance to defend against an appeal. "The appeal itself has created the necessity for the allowance to defend against the same ..." and the appeal does not deprive the trial court of jurisdiction to make orders "which are in aid of the appeal." *Wagner, supra* at 555 (quoting *Cirtin v. Cirtin* (1928), 87 Ind.App. 457, 161 N.E. 709, *overruled on other grounds, State ex rel. Barner v. White Circuit Court* (1958), 237 Ind. 443, 147 N.E.2d 10, and *cited with approval in Reger, supra* and *Sims, supra* ).

*Hudson,* recognizes that Ind.Code 31–1–11.5–16 authorizes the trial court to award attorney fees after entry of judgment but does not view it as an extension of jurisdiction if the exercise thereof is incompatible with vesting of jurisdiction in the court of appeals. *Wagner* however, seems more convincing. We see the supreme court holdings in *Bright* and *Logal* as reconcilable with *Reger* and *Sims. Bright* and *Logal* are distinguishable as they deal with subsequent proceedings in a trial court challenging the validity of the judgment under appeal. Whereas, *Reger* and *Sims* concern subsequent proceedings in a trial court for supplemental or unrelated matters in the same litigation. When the appeal in this case was perfected, jurisdiction as to questions of child support and property division were absolutely removed from the trial court. The question of appellate attorney fees however is a supplemental matter separately determined by the trial court.

It should be added that the trial court is in a better position than this court to make the factual determination essential to an appropriate allowance of fees for legal services incident to an appeal. *Inkoff, supra.* Perhaps *Hudson* is vulnerable because it focuses on the technical niceties of finality rather than the underlying thrust of trial and appellate procedure. Judicial efficiency and economy would seem to be better served by allowing the trial court to separately determine appellate attorney fees when necessary. Even if another appeal results from the subsequent granting of

appellate attorneys' fees, any such appeal can easily be consolidated.

There the matter of appellate attorneys' fees rests, suspended like a moth hovering over a flame, waiting for further action by a higher authority.

 Michael also challenges the award of attorney fees as an abuse of the trial court's discretion. The trial court must consider the resources of the parties, their economic condition, their ability to earn income, and other appropriate factors. *Wagner, supra.* The record indicates that the trial court had sufficient evidence before it with regard to these factors. The award of attorney fees to Sandra was not against the logic and effects of the facts and circumstances before the court, and was not an abuse of discretion. *See Wagner, supra.*

We reverse in part and affirm in part. Costs assessed one-half to Michael and one-half to Sandra.

YOUNG, J., concurs.

SULLIVAN, J., concurring in part and dissenting in part.

SULLIVAN, Judge, concurring in part and dissenting in part

I fully concur with respect to Issues One, Two and Three.

With respect to Issue Four, I concur in part and dissent in part. I disagree with the premise which underlies the majority position and as set forth in *Overpeck v. Dowd* (1977) 1st Dist., 173 Ind.App. 610, 364 N.E.2d 1043, *op. on reh.*, 173 Ind.App. 610, 368 N.E.2d 1175. In my view, the general principle of waiver by acceptance of benefits is not averted by the mere fact that the acceptor may be required to restore the benefits together with interest and/or damages. To adopt this exception to the rule is to destroy the rule itself. I do not, however, conclude that Sandra is precluded from relief with respect to all aspects of the evaluation of assets made by the trial court. With respect to those assets not received by Sandra, either in whole or in part, I would permit reconsideration by the trial court upon remand. *See Con-*

*ley v. Conley* (1963) 135 Ind.App. 279, 192 N.E.2d 771. That reconsideration should not, however, include the taking of new evidence. The reconsideration should be made solely upon evidence now of record.

I respectfully dissent as to Issue Five. Although I readily adhere to the wisdom and practicality embodied in the majority opinion, as influenced by *Wagner v. Wagner* (1986) 3d Dist. Ind.App., 491 N.E.2d 549, I am unable to join in that opinion. My personal preference would be to reexamine the reasoning and the rule of *Logal v. Cruse* (1977) 267 Ind. 83, 368 N.E.2d 235, *cert. denied* (1978), 435 U.S. 943, 98 S.Ct. 1523, 55 L.Ed.2d 539. It is binding upon us, however. For the reasons set forth in *Hudson v. Hudson* (1985) 2d Dist. Ind. App., 484 N.E.2d 579, I dissent. If trial courts are to be authorized to act in appropriate matters after an appeal has been perfected, our Supreme Court must arrive at that conclusion and articulate it in a reported decision.