Frank J. CREEDON, Appellant (Defendant below),

v.

ASHER TRUCK & TRAILER, INC., Mr. Chad Asher, Individually, Mr. David Moss, Individually, Appellee (Plaintiff below).

No. 82A01–8810–CV–00319.

Court of Appeals of Indiana, First District.

March 13, 1989.

Frank J. Creedon, Princeton, pro se.

Mark S. Mattingly, James D. Johnson, Mattingly, Rudolph, Fine & Porter, Evansville, for appellee.

ROBERTSON, Judge.

Two initial observations need to be made prior to any discussion of this appeal. First, the parties are not correctly identified in the caption of this cause. Frank J. Creedon is the plaintiff-appellant and the remainder of the parties are defendant-ap-

pellees. Second, Creedon has chosen to represent himself in the trial court as well as upon appeal. A litigant who proceeds pro se is held to the same established rules of procedure that trained legal counsel is bound to follow. *State ex rel Medical Licensing Bd. v. Stetina* (1985), Ind.App., 477 N.E.2d 322; *Terpstra v. Farmers and Merchants Bank* (1985), Ind.App., 483 N.E.2d 749, *trans. denied.*

We dismiss the appeal.

The plaintiff-appellant Creedon was an employee of the defendant-appellee Asher Truck & Trailer, Inc. (Asher). Creedon was also a member of a union which represented Creedon as an employee of Asher. Creedon was observed working at another garage in contravention of an article of the collective bargaining agreement which states:

"Any employee in the bargaining unit who solicits or does customer work other than with the company shall be subject to disciplinary action, including discharge. 'Customer work' is defined as any work on any make of truck or bus."

Creedon was discharged by Asher. Grievance procedures were initiated by Creedon with his discharge being upheld after final and binding arbitration.

Creedon then instituted the cause of action giving rise to this appeal by filing a complaint for wrongful and unconstitutional discharge, damages, and reinstatement of employment. Asher responded by, among other things, seeking dismissal pursuant to Ind.Rules of Procedure, Trial Rule 12(B)(6) in that Creedon had failed to state a cause of action. After a series of related pleadings by both sides, argument was held before the Vanderburgh Circuit Court Master Commissioner on the motion to dismiss. On June 1, 1988, the Master Commissioner sustained the motion to dismiss.

Creedon filed a motion to correct error on July 15, 1988. On August 16, 1988, the Master Commissioner signed a judgment entry and order dated June 1, 1988, confirming the earlier ruling. Creedon's motion to correct error was overruled by the Master Commissioner on the 16th of August, 1988, also. On September 12, 1988, Creedon filed a T.R. 60(B) motion stating that newly discovered evidence existed. The newly discovered evidence was that Creedon had found out that the Master Commissioner was not a judge and, as a result, had no authority to decide his case. On September 20, 1988, the Vanderburgh Circuit Court Judge overruled Creedon's T.R. 60(B) motion and entered judgment on the findings of the Master Commissioner. On September 30, 1988, Creedon filed his Praecipe for the Record.

Asher raises a jurisdictional question addressed to the procedural aspects of this appeal:

1. The court on appeal lacks jurisdiction because there was no motion to correct error filed within sixty days of the overruling of Creedon's T.R. 60(B) motion.

■ A referee or a commissioner acts as an instrumentality to inform and assist the court by conducting hearings and reporting facts or conclusions to the trial court; however, only the court has inherent authority to make binding orders or judgments. *Eakins v. State* (1985), Ind.App., 482 N.E.2d 1157. An appeal will not lie from a referee or commissioner's ruling. *Eakins, id.*

■ That being the case, Creedon's motion to correct error filed prior to the Vanderburgh Circuit Court's adoption of the previous actions of the Master Commissioner, the final appealable judgment, was without legal effect. *Sekerez v. Jasper County Farm Bureau Co-Operative Ass'n., Inc.* (1984), Ind.App., 458 N.E.2d 286. The motion to correct error should have been filed within 60 days of the final judgment which was entered on September 20th. T.R. 59(C). A motion to correct error is a prerequisite to appealing from a ruling on a T.R. 60(B) motion. *Hric v. Hamilton* (1975), 165 Ind.App. 562, 333 N.E.2d 322, *trans. denied.*

There having been no timely filed motion to correct error, the appeal is dismissed.

NEAL and BUCHANAN, JJ., concur.