**Shirley M. GILES, Appellant–Plaintiff,**

v.

**Tandy A. GILES, Appellee–Defendant.**

**No. 41A01–9411–CV–368.**

Court of Appeals of Indiana.

June 28, 1995.

J. Andrew Woods, Loveall and Woods, Franklin, for appellant.

James F.T. Sargent, Sargent and Meier, Greenwood, for appellee.

## OPINION

ROBERTSON, Judge.

Shirley M. Giles [Wife] appeals the trial court's granting of Ind.Trial Rule 60(B) relief from judgment in favor of her ex-husband, Tandy A. Giles [Husband], with respect to the Decree which dissolved their marriage. The sole issue on appeal may be restated as:

whether the trial court abused its equitable discretion in granting Husband relief from judgment obtained through summary proceedings where the judgment was based in part on the arguments of counsel and not upon competent evidence?

## FACTS

The facts in the light most favorable to the trial court's determination reveal that this was a childless marriage of approximately seven years' duration. Husband contributed pre-marital assets worth approximately

$262,500.00. Wife contributed pre-marital assets worth approximately $80,000.00.

Upon agreement of the parties, the trial court entertained summary proceedings for the final hearing. Exhibits were stipulated into evidence. The trial court heard the oral arguments by opposing counsel.

The trial court entered its Decree of Dissolution complete with findings of fact. The marital property was divided equally based upon the trial court's finding that, despite Husband's superior pre-marital contributions, an equal distribution was just and equitable because:

wife has made a substantial contribution to [the assets Husband brought into the marriage] by managing all of the rental properties throughout the marriage (including those properties brought into the marriage by the husband) and by saving the cost of real estate commissions in the buying and selling of real estate.

Husband filed a motion to correct error disputing numerous findings, including the one set out above, as clearly erroneous/not supported by evidence. Specifically, Husband asserted that the successful real estate transactions consummated during the marriage were the result of his efforts and not of Wife's as found by the trial court, arguing that the finding on this matter was based upon Wife's unfounded allegations (the arguments of counsel and not upon competent evidence).

The trial court denied Husband's motion to correct error. Husband timely filed a praecipe initiating an appeal of the property distribution portion of the Decree.

Approximately two months later (and within a year of the date of the Decree), Husband filed the instant motion for relief from judgment. For the first time, Husband asserted that he was prejudiced by the manner in which the summary proceedings were employed because many of the trial court's findings supporting its plan of distribution were based, not upon competent evidence, but upon the arguments of counsel.

The trial court granted Husband's motion, vacated the property distribution portion of its Decree, and set the property distribution for final contested hearing. In granting Husband's motion, the trial court made the following entry (pertinent part only):

3. That the Court heard no oral **evidence** from either [Husband or Wife] during the trial to support the summaries made by their respective counsel.

4. That there was no **stipulation** of the parties, or counsel, that the arguments of counsel would be considered as **evidence** in the case.

5. That the Court did not have the ability to determine the credibility of the witnesses and the weight to be given to the witnesses' testimony.

6. That the Court did not hear **evidence** to support the Court's Findings of Fact and Conclusions of Law and Decree of Dissolution of Marriage that were entered herein.

7. That, by affidavit, [Husband] has set forth a meritorious defense in showing if the case was retried on the merits, a different result may have been reached.

8. At the time this matter was heard by the Court in a summary fashion **and** at the time that the Court made its ruling in the case, the Court did have some reservations concerning whether or not it had all of the evidence properly before it to make a fair and equitable decision in the matter. In addition to the above factors, the Court has taken said reservations into account in granting this motion.

(Emphasis original).

## DECISION

■■■ A T.R. 60(B) motion is addressed to the equitable discretion of the trial court. *Cullison v. Medley* (1993), Ind.App., 619 N.E.2d 937, 945, *trans. denied.* In deciding whether or not to grant equitable relief from judgment, the trial court must balance the alleged injustice suffered by the party moving for relief against the interests of the winning party and society in general in the finality of litigation. *Id.* The grant or denial of T.R. 60(B) relief will be reversed only upon an abuse of discretion; that is, when the trial court's action is against the logic and

effect of the facts before it and the inferences which may be drawn therefrom. *Id.*

Wife relies on *Scheetz v. Scheetz* (1987), Ind.App., 509 N.E.2d 840, to assert the trial court abused discretion in granting T.R. 60(B) relief. In *Scheetz,* we held:

A T.R. 60 motion is not a substitute for a direct appeal and, consequently, may not be used to extend the time limitations for T.R. 59 [Motion to Correct Error]. Any matter known or discoverable within the period for filing a timely motion to correct error must be preserved for appeal by filing a T.R. 59 motion rather than a T.R. 60(B) motion.

509 N.E.2d at 845. Obviously, *Scheetz* is out of date. A T.R. 59 motion to correct error is no longer required to preserve issues for appeal. T.R. 59(A) (Amendment effective January 1, 1989). Moreover, the bright-line rule of law described above, which limited the trial court's exercise of its equitable discretion to grant relief from its own judgment in order to effect the interests of justice, had been subjected to criticism. *See Snider v. Gaddis* (1980), Ind.App., 413 N.E.2d 322 (dissenting opinion of Judge Robertson at 328), *trans. denied.*

█ In any event, the policy behind the rule described in *Scheetz,* 509 N.E.2d at 845, (that of the finality of judgments) is not advanced by its application in the present case. Husband had initiated an appeal of the property distribution by the timely filing of a praecipe; and thus, his T.R. 60(B) motion did not serve as a substitute for an appeal. *See id.* In the present case, the trial court's grant of Husband's T.R. 60(B) motion for

relief from judgment and its order that the property distribution be submitted to a full evidentiary final hearing may very well promote the interests of judicial economy because the anticipated appeal of the summary dissolution proceedings has been obviated and rendered moot.

Under the circumstances of the present case, we have no hesitation in upholding the trial court's granting of Husband's motion for T.R. 60(B) relief as an appropriate exercise of its equitable discretion. Therefore, we find no error.

Finally, Wife relies on our recent decision in *Trout v. Trout* (1994), Ind.App., 638 N.E.2d 1306, 1307–1308, *trans. denied,* for the proposition that Husband has waived his attack upon the propriety of the summary proceedings by consenting to them. *Trout* is inapposite to the present case as it arose in an entirely different procedural context—that of an appeal of a property distribution. *Trout* in no way operates to limit the trial court's exercise of its equitable discretion in granting T.R. 60(B) relief.

Judgment affirmed.

SHARPNACK, C.J., and NAJAM, J., concur.